McLimans, Respondent, vs. The City of Lancaster, Appellant.

*January 18 — February 2, 1886.*

*Judgment: Remission, after reversal, of part of damages: Interest.*

A judgment for plaintiff having been reversed because the damages were excessive, and this court having ordered that if plaintiff should remit from the verdict all the damages except $5,000. she should have judgment, "on the verdict and such remission," for $5,000 and costs, it is *held* that she was entitled to include in such judgment interest on the $5,000 from the date of the verdict.

APPEAL from the Circuit Court for *Grant* County. The facts are stated in the opinion.

For the appellant there was a brief by *Clark & Mills,* and oral argument by *Mr. Mills.*

McLimans vs. The City of Lancaster.

For the respondent there was a brief by *W. E. Carter* and *A. R. Bushnell*, and oral argument by *Mr. Carter*.

TAYLOR, J. Upon a former appeal to this court in this case (63 Wis. 596), this court remitted the record, with the following order: "The judgment of the circuit court is reversed, and the cause is remanded with directions that if the plaintiff, within thirty days after filing the *remittitur* in that court, shall remit in writing from the verdict all damages awarded thereby except $5,000, and file such remission with the clerk of the trial court, then judgment shall be entered in her favor, on the verdict and such remission, for the sum of $5,000 and costs. Failing to so remit, there must be a new trial."

The verdict in said action was for the sum of $8,000, and was rendered on the 12th of March, 1884, and judgment had been entered in favor of the respondent for the said sum of $8,000 damages and costs, from which judgment an appeal had been taken to this court; so that at the time the order of this court was made the plaintiff had a judgment for $8,000, drawing interest from the 12th day of March, 1884. This court reversed the judgment solely on the ground that the damages awarded were excessive; and in the opinion of this court the verdict for damages should not have exceeded $5,000. It is clear, therefore, that had the damages been assessed at $5,000 by the jury, and judgment had been entered in her favor for that sum, the judgment would have been affirmed, and she would have received the interest on the sum of $5,000 from the date of the rendition of such verdict, viz., 12th of March, 1884.

The respondent filed a remission for the sum of $3,000 from the damages awarded by the verdict, and entered judgment for the sum of $5,000, with interest added from the 12th day of March, 1884, until the date of the judgment, together with the taxable costs of the action. From so

much of this judgment as gives the respondent interest on the $5,000 from the date of the verdict to the time of the entry of the judgment, the city again appeals to this court.

The learned counsel for the appellant contend that the proper construction of the order of this court on the reversal of the judgment prohibits the respondent from including in her judgment any interest on the sum of $5,000 previous to the filing by the respondent of her remission of the said sum of $3,000, as authorized by said order. This contention is based upon the last clause of the order, viz.: "Then judgment shall be entered in her favor, on the verdict and such remission, for the sum of $5,000 and costs." It is claimed that this is a specific direction, limiting the amount for which judgment may be finally entered to the sum of $5,000 as the damages, and the ordinary taxable costs of the action, excluding any interest as a part of the costs. There may be some reason for the construction given to this direction by the learned counsel for the appellant, but we think in consideration of the fact that this court held that if the verdict had originally been for the sum of $5,000 this court would have approved the same and affirmed the judgment rendered thereon, which would have included or given the respondent the benefit of the interest on that sum from the date of such verdict, she ought not now to be debarred from having such interest allowed to her, unless the language of the court clearly excludes her from having the same. The language of the order is that the judgment shall be entered in her favor, *on the verdict* and such remission, for the sum of $5,000 and costs. The verdict here referred to must be the verdict rendered March 12, 1884, and the remission is from the verdict of that date.

The direction to enter judgment upon that verdict for the sum of $5,000 and costs should therefore be construed to mean to enter judgment upon the verdict for $5,000 rendered on the 12th of March, 1884; and, under the statute,

a judgment rendered upon such verdict would entitle the plaintiff to add interest thereon from the date of the verdict to the entry of judgment and include such interest in the taxable costs. Sec. 2922, R. S., reads as follows: "When the judgment is for the recovery of money, interest from the time of the verdict or report until judgment is finally entered shall be computed by the clerk and added to the costs of the party entitled thereto." Ch. 147, Laws of 1880, does not change this section in any respect, but simply adds a provision not at all affecting the right of the party to recover interest on a verdict as a part of the costs of the action.

The direction that the plaintiff may enter judgment for $5,000 and costs, construed as a part of the entire direction of this court, we think entitles the respondent to include the interest on the verdict in her judgment.

*By the Court.*— That part of the judgment of the circuit court appealed from is affirmed.