LEHMAN, Respondent, vs. AMSTERDAM COFFEE COMPANY and others, Appellants.

*October 31—November 19, 1912.*

*Appeal: Undertaking: Liability of sureties: Affirmance in whole or in part: Direction for new judgment: Interest.*

1. The sureties upon a bond or undertaking on appeal are held **only** according to the language of their bond.
2. Where, on appeal, a judgment in plaintiff's favor for damages was reversed, and a new trial was ordered unless plaintiff should elect to take judgment for a certain smaller sum, in which case judgment for that sum was ordered to be rendered in her favor in the trial court, it cannot be said that the judgment appealed from was affirmed even in part; and the judgment thereafter entered upon plaintiff's election to take the smaller sum could not properly go against sureties who, by their undertaking on appeal, became responsible for payment of damages only in case the judgment appealed from were affirmed in whole or in part.
3. The plaintiff in such case having been given the option to take judgment for a certain sum and no more, it was error to include in the judgment interest on that sum from the date of the verdict.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed as to two appellants; modified and affirmed as to the other.*

For the appellants there was a brief by *Alfred Klingelhoefer* and *Lynn S. Pease,* and oral argument by *Mr. Klingelhoefer.* They cited, among other cases, *Rothgerber v. Wonderly,* 66 Ill. 390; *Huntington v. Aurand,* 67 Ill. App. 260; *Wilson v. Churchman,* 6 La. Ann. 468; *Crawford v. Kirksey,* 55 Ala. 282; *Seymour v. Gregory,* 10 Biss. 13; *Crane v. Buckley,* 203 U. S. 441, 27 Sup. Ct. 56; *Miller v. Ryan,* 13 Ohio Cir. Ct. 278, 279; *Young v. Mason,* 8 Ill. (3 Gilm.) 55; *O'Neil v. Nelson,* 22 Ill. App. 531–533; *Nofsinger v. Hartnett,* 84 Mo. 549, 559; 2 Brandt, Suretyship & G. (2d ed.) § 459; *Poppenhusen v. Seeley,* 3 Abb. Dec. 615; *Jackson v. Lawyers' S. Co.* 184 N. Y. 521, 76 N. E. 1097; *Kleiner v.*

*Fidelity & D. Co.* 33 Misc. 188, 67 N. Y. Supp. 216; *Chase v. Ries,* 10 Cal. 517.

For the respondent there was a brief by *Hugo J. Trost,* attorney, and *Churchill, Bennett & Churchill,* of counsel, and oral argument by *Mr. Trost* and *Mr. W. H. Churchill.* They contended, *inter alia,* that the judgment of the circuit court was affirmed wholly as to the right of recovery and partially as to the amount, and the sureties on the appeal bond are responsible for the amount affirmed. *Orr v. Hopkins,* 3 N. Mex. (Gild.) 142; *Hopkins v. Orr,* 124 U. S. 510, 8 Sup. Ct. 590; *Harding v. Kuessner,* 70 Ill. App. 355; *Harding v. Kuessner,* 172 Ill. 125, 49 N. E. 1001; *Sanders v. Rives,* 3 Stew. (Ala.) 109; 2 Cyc. 935. Within the meaning of sec. 3067, Stats. (1898), the supreme court "gave judgment against the appellant" for $1,000 damages and with costs; and that section is authority for the entry of the judgment against the appellant and sureties jointly.

WINSLOW, C. J. By reference to the case of *Lehman v. Amsterdam C. Co.* 146 Wis. 213, 131 N. W. 362, it will be seen that upon the first appeal in this case a judgment for damages in plaintiff's favor was reversed and a new trial ordered, unless the plaintiff elected to take a judgment for $1,000, in which case judgment for such last named sum was ordered to be rendered in her favor in the trial court. It now appears that upon return of the record the plaintiff duly filed her election to take judgment for $1,000, whereupon judgment was entered not only against the defendant coffee company, but also against the sureties upon the appeal bond for the sum of $1,000 with costs and with interest at six per cent. per annum from the date of the verdict, less $247.75, being the taxed costs in this court upon the former appeal. The defendant coffee company and the sureties appeal jointly from this judgment.

So far as the sureties are concerned, it is very plain that

Lehman v. Amsterdam Coffee Co. 151 Wis. 207.

the present judgment must be reversed.   By their under-
taking they agreed simply that they would pay

"all costs and damages which may be awarded against them
on said appeal, not exceeding two hundred and fifty dollars;
and do also undertake that if the said judgment so appealed
from, or any part thereof, be affirmed, the said appellant will
pay the amount directed to be paid by the said judgment, or
the part of such amount as to which the said judgment shall
be affirmed, if it be affirmed only in part, and all damages
which shall be awarded against said appellant on the said ap-
peal."

No costs or damages were awarded against them on the
appeal, nor was the judgment or any part thereof affirmed.
This seems too clear for argument.   No part of the original
judgment was left in existence after the judgment in this
court upon the former appeal.   The fact that another judg-
ment might be rendered in the future by the trial court upon
the exercise of a certain option by the plaintiff could not
under any theory be construed as an affirmance even in part.
The sureties are only held according to the language of their
bond, and that language does not cover this case.   They never
agreed to pay a judgment rendered in the future in the trial
court, but only the existing judgment or some part thereof in
case of affirmance.

The judgment was, of course, proper against the main de-
fendant, except that interest should not have been allowed
from the date of the verdict, because the plaintiff was given
an option to take judgment for $1,000 and no more.   One
year's interest at six per cent., amounting to $60, was in-
cluded, and the judgment must be reduced by that amount.

*By the Court.*—As to the appellant sureties the judgment
is reversed with costs; as to the defendant *Amsterdam Coffee
Company* the judgment is modified by reducing the same in
the sum of $60 as of its date, and as so modified is affirmed
without costs.