Olson and wife, Respondents, vs. Laun and wife, Appellants.

*October 7—November 4, 1919.*

*Fraud: Evidence: Disparity between price and value: Grossly excessive price: Reliance and right to rely on representations: Trial: Requested instructions covered by charge: Interest on unliquidated claim.*

1. In an action for fraud in the sale of a farm, disparity between the price paid and the actual value is a fact to be considered by the jury in determining whether the plaintiff buyer relied on the defendant seller's representations and whether he should have discovered their falsity.

2. Where the amount paid by the plaintiff for a farm which he purchased from the defendant was grossly excessive, that fact in itself was evidence of fraud by defendant.

3. The evidence in the case—showing that the defendant had orally and by written advertisement represented that there were 160 acres of plow land on the farm, that he misstated its tax assessment, and that the plaintiff, in the hurried examination he gave the farm, was not able to determine the acreage under plow—supports the finding of the jury that the plaintiff had a right to rely on defendant's representations in regard to the number of acres of cultivated land.

4. Under all the circumstances, findings of the jury that plaintiff was warranted in relying on the representations of defendant as to the amount of white oak timber on the farm and the amount of hay and pasture land and the farm's productiveness are *held* to be supported by the evidence.

5. Where the charge of the court was plain and fair and covered all the material issues in the case, there was no error in refusing to give certain requested instructions.

6. The amount of the claim of a buyer of a farm against the seller thereof for damages for misrepresentations not having been liquidated before verdict, the trial court properly allowed interest only from the date of the verdict and denied interest from the time the deal was consummated.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This action was brought to recover for fraud in the sale of a farm. The complaint set up that false representations

were made by defendants, relied upon by plaintiffs, which resulted in damages. The case was submitted to the jury and the following verdict returned:

"(1) Did the defendant *E. G. Laun,* for the purpose of inducing the plaintiff to purchase the farm in question, represent to the plaintiff that there were 160 acres of cultivated land upon said farm? *A.* Yes.

"(2) If you answer question number 1 'Yes,' then was such representation false? *A.* Yes.

"(3) If you answer number 1 'Yes,' then did the plaintiff believe such representation to be true and rely thereon in making the purchase of said farm? *A.* Yes.

"(4) If you answer question number 1 'Yes,' then ought the plaintiff, in view of his intelligence and experience, in the exercise of ordinary care have discovered the falsity of such representation before purchasing the farm? *A.* No.

"(5) Did the defendant *E. G. Laun,* for the purpose of inducing the plaintiff to purchase said farm in question, represent to the plaintiff that there was about a million feet of large white oak timber thereon? *A.* Yes.

"(6) If you answer question number 5 'Yes,' then was such representation false? *A.* Yes.

"(7) If you answer question number 5 'Yes,' then did the plaintiff believe such representation to be true and rely thereon in making the purchase of said farm? *A.* Yes.

"(8) If you answer question number 5 'Yes,' then ought the plaintiff, in view of his intelligence and experience, in the exercise of ordinary care have discovered the falsity of such representation before purchasing the farm? *A.* No.

"(9) Did the defendant *E. G. Laun,* for the purpose of inducing the plaintiff to purchase the farm in question, represent to the plaintiff that there were ten or twelve acres of hay land upon the uncultivated portion of said farm? *A.* Yes.

"(10) If you answer question number 9 'Yes,' then was such representation false? *A.* Yes.

"(11) If you answer question number 9 'Yes,' then did the plaintiff believe such representation to be true and rely thereon in making the purchase of said farm? *A.* Yes.

"(12) If you answer question number 9 'Yes,' then ought the plaintiff, in view of his intelligence and experience, in

the exercise of ordinary care have discovered the falsity of such representation before purchasing the farm?  *A.* No.

"(13) Did the defendant *E. G. Laun,* for the purpose of inducing the plaintiff to purchase the farm in question, represent to the plaintiff that there was sufficient pasture upon the uncultivated portion of said farm for 100 head of cattle?  *A.* Yes.

"(14) If you answer question number 13 'Yes,' then was such representation false?  *A.* Yes.

"(15) If you answer question number 13 'Yes,' then did the plaintiff believe such representation to be true and rely thereon in making the purchase of said farm?  *A.* Yes.

"(16) If you answer question number 13 'Yes,' then ought the plaintiff, in view of his intelligence and experience, in the exercise of ordinary care have discovered the falsity of such representation before purchasing the farm? *A.* No.

"(17) Did the defendant *E. G. Laun,* for the purpose of inducing the plaintiff to purchase the farm in question, represent to the plaintiff that the tenant for the previous year had sold $1,800 worth of corn from said farm?  *A.* Yes.

"(18) If you answer question number 17 'Yes,' then was such representation false?  *A.* Yes.

"(19) If you answer question number 17 'Yes,' then did the plaintiff believe such representation to be true and rely thereon in making the purchase of said farm?  *A.* Yes.

"(20) If you answer question number 17 'Yes,' then ought the plaintiff, in view of his intelligence and experience, in the exercise of ordinary care have discovered the falsity of such representation before purchasing the farm? *A.* No.

"(21) What was the fair market value of the farm in question on April 11, 1918?  *A.* Five thousand five hundred dollars ($5,500).

"(22) If you answer either or all of questions 1, 5, 9, 13, and 17 'Yes,' and that such representations were false, then what would have been the fair market value of said farm on April 11, 1918, had such representations been true? *A.* Twelve thousand dollars ($12,000).

"(23) What was the fair market value of the farm in Monroe county which the plaintiff conveyed to the defend-

ants on the 11th of April, 1918? *A.* Six thousand dollars ($6,000)."

Judgment was entered upon the verdict and the defendants appealed.

For the appellants there were briefs by *Mahoney ·& Schubert,* attorneys, and *Jesse E. Higbee,* of counsel, and oral argument by *Mr. Paul W. Mahoney* and *Mr. Higbee,* all of La Crosse.

For the respondents there was a brief by *Baldwin & Bosshard* of La Crosse, and oral argument by *Mr. C. L. Baldwin.*

KERWIN, J. The findings of the jury in this case sufficiently show the issuable material facts. The main question involved is whether the verdict is supported by the evidence. In addition to the facts found by the jury it is established by the evidence that defendant represented that the tax assessment against the farm sold the plaintiff was $180, when in fact it was only $50.

It is not seriously denied that the representations found were made and were false. It is insisted, however, that plaintiff *Ole Olson* and his brother-in-law examined the land and that the plaintiff relied upon his own judgment and regarded the representations of defendant as opinion merely. While there is evidence tending to show that plaintiff regarded some of the representations matter of opinion, he says that he understood such representations to be the honest judgment of defendant. It is clear from the evidence that the jury were warranted in finding that the material representations were made and were false to the knowledge of the defendant.

It appears quite clearly from the evidence that the parties were not on equal terms, and plaintiff not in a position to judge of the truth of the representations made, and that the conduct of defendant shows an effort on his part to deceive

plaintiff. It was established that the farm was not in fact worth more than $5,500, and the disparity between the price paid and the actual value was a fact to be considered by the jury in determining whether the plaintiff relied on the representations and whether he should have discovered the falsity thereof, in view of all the evidence.

The amount paid by plaintiff for the farm was so grossly excessive as in itself to be evidence of fraud. *Kuelkamp v. Hidding,* 31 Wis. 503; *Risch v. Von Lillienthál,* 34 Wis. 250. The representation that $180 was the amount of taxes assessed against the farm was concededly false and obviously made to support the defendant's representations as to the value of the land. The same is true as regards the representations of quantity of timber, acreage of plow and hay land, and productiveness of low and pasture land. The evidence shows a studied scheme on the part of defendant to deceive the plaintiff and obtain from him by deception and fraud a price more than double the actual value of the farm. In the hurried examination of the farm by plaintiff there is evidence that he could not determine the acreage under plow. Defendant represented orally as well as by written advertisement that there were 160 acres of plow land. In view of all the circumstances of the case as shown by the evidence, the jury were entitled to find that the plaintiff had a right to rely on defendant's representations in this regard. *Kaiser v. Nummerdor,* 120 Wis. 234, 97 N. W. 932; *Ledbetter v. Davis,* 121 Ind. 119, 22 N. E. 744.

Regarding the representations as to white oak timber, the advertisement of the farm for sale stated that there was large white oak timber, and the jury had a right to find, under all the circumstances, that plaintiff was warranted in relying upon such representation.

The same is true as regards representations of amount of hay and pasture land and productiveness of the farm.

It is not necessary to discuss the evidence in detail; it is

sufficient to say that a careful examination of the record convinces the court that the material findings of the jury are supported by the evidence.

Counsel assigns error on refusal to give certain instructions. The charge given covers all the material issues in the case, it is plain and fair, and we find no error in refusing to give the instructions requested.

Counsel for respondents served a notice in accordance with sec. 3049a, Stats., asking a review under this section and modification of the judgment by adding interest from April 11, 1918, the time that the deal was consummated. The court below allowed interest from the time of the rendition of the verdict. The amount of the claim of the plaintiff had not been liquidated before verdict, and we are of opinion that the court below was right in allowing interest only from the date of the verdict. *Laycock v. Parker,* 103 Wis. 161, 79 N. W. 327; *J. I. Case Plow Works v. Niles & Scott Co.* 107 Wis. 9, 82 N. W. 568.

We are satisfied that the judgment is right and should be affirmed. *Eberhardt v. Randall,* 166 Wis. 480, 166 N. W. 6; *Westra v. Roberts,* 156 Wis. 230, 145 N. W. 773.

*By the Court.*—Judgment is affirmed.