FIRST WISCONSIN TRUST COMPANY, Executor, Respondent. vs. SCHMIDT, Appellant.

*December 16, 1920—March 8, 1921.*

*Automobiles: Injury to pedestrian at street intersection: Death: Uncontradicted testimony of party: Effect where inconsistent with other evidence: Damages to minor child from death of mother: Elements: Interest on items of expense: New trial: Accepting reduction of damages: Waiver of right to review.*

1. The rule that the undisputed reasonable evidence of one witness, though a party to the action, should have controlling weight in determining a question of fact, does not apply to

First Wisconsin Trust Co. v. Schmidt, 173 Wis. 477.

the testimony of defendant as to the accident in which plaintiff's decedent was killed, where many facts and circumstances did not accord with defendant's testimony, though no witness denied his statements. *Feyrer v. Durbrow,* 172 Wis. 71, distinguished.

2. On defendant's appeal from the judgment, plaintiff cannot complain of the order of the court requiring a remission of part of the damages awarded as a condition of denying defendant's motion for new trial, where plaintiff had accepted the provisions of the order, his remedy being to refuse to remit and to appeal from the order granting the new trial.

3. In an action for the death of a widow who left two daughters, one a minor, the evidence is *held* sufficient to support a judgment for $1,500 as damages, though there was but slight evidence showing financial contributions by deceased to her children.

4. Damages may be allowed for the loss of the training, care, and education which the daughters could expect from their mother, and for which they would pay if they procured them from another, though there can be no recovery for loss of society.

5. Expenditures for the services of a physician, hospital services, and funeral expenses are items of damage caused by personal injury resulting in death, but they are not liquidated until the amount is determined by the verdict; and it was error for the court to allow interest on the amount of such expenditures upon a stipulation by the parties fixing the amount.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Modified and affirmed.*

Personal injury. This action is brought by the executor of the estate of Alvina Schilke, widow, to recover damages for personal injuries sustained by her and for her death resulting therefrom.

The jury found, first, that defendant's automobile was, at and immediately prior to the accident, being run at a greater rate of speed than was reasonable and proper, having regard to the width, traffic upon, and use of Twelfth street in the vicinity of the accident; second, that such rate of speed was the proximate cause of the injury to the deceased; third, that the deceased was not guilty of contributory negligence; fourth, awarded damages for pain and

suffering, $750; and fifth, awarded damages for pecuniary loss sustained by the children of the deceased, $2,250. There were the usual motions on the part of the defendant. The trial court denied all the motions, except that an order was entered granting a new trial unless the plaintiff consented to remit the sum of $750 from the amount awarded as pecuniary damages sustained by the children of deceased. The plaintiff elected to make the remission. Judgment was entered for $2,250 and the further sum of $458.02, being $407.50 paid out for medical care and funeral expenses, with interest. From the judgment so entered the defendant appeals.

For the appellant there was a brief by *Lines, Spooner & Quarles,* and oral argument by *Leo Mann,* all of Milwaukee.

For the respondent there was a brief by *Clarence W. Bradford* and *Edgar L. Wood,* both of Milwaukee, and oral argument by *Mr. Bradford.*

The following opinion was filed January 11, 1921:

ROSENBERRY, J. Twelfth street in the city of Milwaukee runs north and south and intersects Prairie and Chestnut streets running east and west at right angles, Chestnut street being one block north of Prairie street. Between 7:30 and 8 o'clock on the evening of December 7, 1917, the defendant was driving his automobile south on Twelfth street. It was a clear moonlight night. The headlights on the defendant's automobile were burning. On Twelfth street there are two car lines, the north-bound cars running upon the easterly tracks and the south-bound cars running upon the westerly tracks. The deceased lived at 1222 Prairie street, between Twelfth and Thirteenth streets and west of Twelfth street. She had alighted from a north-bound street car, which had stopped at the usual stopping place on the northeast corner of Twelfth and Prairie streets, and while crossing Twelfth street from east to west to go to her home was struck by defendant's automobile which

he was driving south on Twelfth street on the west side of the street. There were with the defendant in his automobile at the time of the accident Miss Jungkert, Mrs. Triebel, Mrs. Toat, and Mrs. Amt. As the defendant drove across Chestnut street he saw the street car stop at the usual stopping place at the northeast corner of Twelfth and Prairie streets. The street car then started up and met defendant's automobile about midway between Prairie and Chestnut streets. When the defendant's automobile passed the north-bound street car defendant saw the deceased at the corner of Twelfth and Prairie streets on the east side of the street. It is the contention of the defendant that he slowed down his automobile until within a distance of thirteen or fourteen feet from deceased, when deceased stopped, indicating that she wished him to pass, his language being, "I was positive sure that the lady wanted to let me pass by." It is the contention of the defendant that the deceased darted in front of his car, that he then attempted to turn to the left, although his testimony upon this point is confusing, that she was struck by the edge of the right or westerly fender. Had the deceased gone a few inches farther the accident would have been avoided. There is considerable conflict in the evidence as to the location of the body after the accident. The defendant fixes it at a point near the north curb of Prairie street; other witnesses place it at a point near the south curb of Prairie street, some ten or twelve feet west of the west line of Twelfth street. It is the contention of the defendant upon this appeal that the rate of speed at which the defendant was driving his car was not the proximate cause of the accident; that the proximate cause was the unexpected, swift movement of the deceased in attempting to pass ahead of the automobile after indicating that she intended to wait until the automobile had passed her. The defendant cites *Burnham v. Norton*, 100 Wis. 8, 75 N. W. 304; *Marchand v. Bellin*, 158 Wis. 184, 147 N. W. 1033; *Johnson v. Ætna L. Ins. Co.*

158 Wis. 56, 147 N. W. 32, to the proposition that the undisputed, reasonable evidence of one witness, though a party to the action, should have controlling weight in determining a question of fact. We do not think the cases cited are applicable to the situation presented by the facts in this case. While no witness denied the statements of defendant, there was much evidence that tended to dispute the testimony of the defendant. Many facts and circumstances appearing in the case do not accord with defendant's testimony. There was a conflict in the evidence and therefore a jury question was presented. We shall not attempt to set out the evidence in full, but we have carefully examined it and are satisfied that the trial court committed no error in permitting the verdict of the jury to stand. This case is clearly distinguished from *Feyrer v. Durbrow,* 172 Wis. 71, 178 N. W. 306. In that case the physical facts established tended to support rather than disprove or contradict the defendant's testimony. Here the distance which the defendant's automobile ran after the accident, the distance the body of the deceased was hurled by the impact, and other circumstances testified to by an eye-witness tend not to support but to contradict the defendant's statements.

It is the contention of appellant that the court erred in refusing to grant defendant's motion to change the answer to the second part of the fifth question relating to the pecuniary damage sustained by the children from $2,250 to nothing. The court ordered that unless the plaintiff should remit from the $2,250, the amount fixed by the jury for pecuniary loss to the children, the sum of $750, there should be a new trial. The plaintiff elected to make the remission and judgment was entered accordingly. The plaintiff complains of this ruling and contends that it was error for the court to order a new trial unless the plaintiff should make the remission. If the plaintiff desired to raise the question of whether or not there was an abuse of the trial court's discretion in ordering a new trial under the

conditions stated it should have refused to make the remission and then have taken an appeal from the order granting a new trial. Having accepted the provisions of the order made by the trial court the plaintiff may not complain, for as to the plaintiff the damages are, in effect, agreed to, and judgment was entered by plaintiff's consent.

The defendant also contends that there was no showing that the children of the deceased suffered any pecuniary loss. The evidence showed that the deceased had no regular employment. She kept house for herself and her two daughters until the marriage of the elder daughter and then for herself and her younger daughter, Minetta. She went out occasionally to do work by the day. She had no regular fixed employment. There was no evidence showing how many days during the year she worked nor as to the rate of compensation she received when employed. It is the further contention of defendant that from a purely financial standpoint it is not shown that her earnings exceeded the cost of her maintenance and therefore she made no contribution in a financial sense to her children. The showing in this case was very meager. Minetta, the younger daughter, was at the time of her mother's death seventeen years of age. While there can be no recovery for society and companionship, there is no hard-and-fast rule by which pecuniary damages may be measured in all cases. We adopt the rule laid down by the supreme court of the United States in *Mich. Cent. R. Co. v. Vreeland*, 227 U. S. 59, 33 Sup. Ct. 192, to the effect that a minor child "sustains a loss from the death of a parent, and particularly of a mother, of a kind altogether different from that of a wife or husband from the death of the spouse. The loss of society and companionship, and of the acts of kindness which originate in the relation and are not in the nature of services, are not capable of being measured by any material standard. But the duty of the mother to minor children is that of nurture, and of intellectual, moral, and physical

training, such as when obtained from others must be for financial compensation." There was evidence here from which the jury might well have inferred that the deceased rendered valuable services to her maturing daughter, that the daughter must now be deprived of the intellectual, moral, and physical training which she would have received from her mother, unless some person provides it for her for compensation. The amount of the recovery having received the approval of the trial court, we do not feel warranted in disturbing it.

Upon the trial it was stipulated that the amount expended for hospital, doctor, and funeral expenses was $407.50. In entering judgment, interest on this amount was allowed from the date of the accident to the time of entry of judgment. Of this the defendant complains. Necessary reasonable expenditures for physician, hospital, and burial are to be taken into consideration by the jury in determining the amount of damages which the plaintiff is entitled to recover. The damages do not become liquidated and fixed until the amount thereof is determined by a verdict. The trial court was in error in allowing interest upon these items. The recovery here is not by way of implied contract to reimburse, but the expenditures are shown as an element of damage because they are due to the negligent act of the defendant for which he is liable. *Olson v. Laun,* 170 Wis. 106, 174 N. W. 473; *J. I. Case P. Works v. Niles & Scott Co.* 107 Wis. 9, 82 N. W. 568. The judgment is modified by deducting therefrom the sum of $50.94 interest.

*By the Court.*—The judgment of the circuit court is modified as indicated in the opinion, and as so modified is affirmed, neither party to recover costs in this court. The appellant shall pay the clerk's fees.

A motion for a rehearing was denied, with $25 costs, on March 8, 1921.