WENDT, Respondent, vs. FINTCH and another, Appellants.

*June 3—June 20, 1940.*

222

For the appellants there was a brief by *Benton, Bosser, Becker & Parnell* of Appleton, and oral argument by *A. W. Parnell*.

For the respondent there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein*.

NELSON, J. The defendants contend that the court erred, (1) in granting plaintiff's motion for a directed verdict in his favor on all questions except the question of damages, (2) in denying defendants' motion to include in the special verdict the following questions: Whether, at the time of the collision, the plaintiff was the agent of Herman Jolitz, who was riding with him; whether the plaintiff was negligent in respect to speed, lookout, control of his automobile, and in failing to give timely and audible warning of his intention to pass the Fintch automobile; (3) in denying defendant's motion after verdict to reduce the amount of the damages for permanent injury and future pain and suffering, to the lowest amount which an unprejudiced jury, properly instructed, would probably find; and (4) in allowing to the plaintiff the costs of the first trial.

In our opinion, the defendants' first contention is without merit. When a verdict is directed, the question on appeal is whether the trial court was clearly wrong. *Leckwe v. Ritter*, 207 Wis. 333, 241 N. W. 339, and numerous prior cases cited therein.

The accident occurred on Highway No. 29, an east-and-west road, at the unincorporated village of Thornton, in Shawano county. The plaintiff was driving west on said highway at a speed not to exceed thirty miles per hour. Shortly before the collision the defendant's automobile was parked in front of a garage on the north side of the highway, with its left wheels either on the concrete or close to it and facing west. The plaintiff observed defendant's automobile when he was about six hundred feet away from it. When about one hundred feet from it the plaintiff sounded his horn. When within about twenty feet of it the defendant's automobile was started up and either immediately executed a "U" turn to its left in front of the plaintiff's automobile or proceeded straight ahead in a westerly direction, estimated by one witness to be seventeen paces, and then turned in front of the plaintiff's automobile. The plaintiff immediately swung his automobile to the left, but was unable to avoid colliding with the defendant's automobile at about the center or a little to the south of the center of the concrete. The defendant was injured and rendered unconscious. He was unable, at either trial, to recall any of the facts or circumstances relating to the collision.

In our opinion it is clear that the sole proximate cause of the collision was the "U" turn made by the defendant directly in front of the plaintiff's automobile. There is, in the evidence, nothing which would support a finding that the plaintiff was guilty of any negligence which contributed to cause the collision. Whether the court erred in receiving the motion made by the defendants on the first trial, as an admission of liability, we need not determine, since the plaintiff's motion for a directed verdict was also based upon the assertion that regardless of said admission there was no evidence to go to the jury on the question of defendant's negligence or plaintiff's contributory negligence. Directing a verdict on the issues of negligence was not, in our opinion, wrong.

The defendants' second contention, that the court erred in refusing to submit to the jury a question whether the plaintiff at the time of the collision was the agent of Jolitz, a neighbor, who was riding with him in the front seat of the automobile, is in our opinion without merit, since in our view no evidence was adduced which could sustain a finding of negligence on the part of the plaintiff. An action in which Herman Jolitz was plaintiff was consolidated with the action for purposes of trial, and in that action it was doubtless the aim of the defendants to show that the plaintiff was negligent, and that his negligence should be imputed to Jolitz in the other action. Since there was no negligence on the part of the plaintiff, there was no negligence to impute to Jolitz. In any event that question was of no materiality in the action.

The defendants' third contention, that the damages found by the jury, based on the plaintiff's permanent injury, future pain and suffering, are excessive and should have been reduced, presents an arguable question. As a result of the collision the plaintiff's sternum was fractured. He was hospitalized for four days and then returned to his home where he convalesced for five or six weeks. He then resumed his work as night watchman in a sawmill. He claimed that as a result of his injuries he had become permanently short of breath and unable to do such heavy work on his farm or elsewhere as he had been accustomed and able to do before he was injured. There was a sharp dispute between the several doctors produced as to the permanent nature of the plaintiff's injuries. If the jury believed the testimony of the plaintiff, his doctors, and a number of laymen regarding his injuries, then clearly the damages found were not excessive. The credibility of the several witnesses was for the jury, and under well-established rules we consider that the amount of the damages for permanent injury and future pain and suffering, which was approved by the trial court, should not be disturbed.

The defendants finally contend that the costs of the first trial should not have been taxed and incorporated into the judgment. While the statute does not specifically provide that the costs of a first trial may be taxed on a second trial (no mention of costs having been made by the court in its order granting a new trial), we consider that the statute, sec. 271.01, Stats. 1937, is amply broad to permit the taxation of costs of a first trial in a judgment entered in a second trial. Sec. 271.01 provides in part:

"Costs shall be allowed of course to the plaintiff upon a recovery in the following cases, except when otherwise provided by law: . . .

"(5) In other actions of tort for the recovery of money when the plaintiff shall recover fifty dollars or more."

In *Hughes v. Chicago, St. P., M. & O. R. Co.* 126 Wis. 525, 536, 106 N. W. 526, it was said in discussing a similar question:

"It is contended on the part of defendant that, since the court did not order payment of costs as a condition of granting the new trial, costs could not afterwards be taxed against the defendant in the judgment upon the last trial. The contention of defendant is that, costs being statutory, they cannot be allowed in the absence of statutory provision, and that the statute allowing costs to the successful party does not include costs on former trials."

After referring to the several statutes then in effect the court said (p. 537):

"This statute clearly does not confine the costs of an action to a single trial, but covers the costs of the action and is broad enough to include costs of former trials where the costs were not paid as a condition of the new trial. Such has been held to be the rule in other states under similar statutes." (Citing cases.)

The defendants contend that the statutes have been changed since that decision was rendered. A comparison of the pres-

ent statutes with those considered in that case does not reveal any such difference as would permit us to say that the rule of that case was changed by the legislature.

## *Motion for Review.*

The plaintiff's motion for a review of the action of the court in denying him interest on the amount of the verdict rendered in the second trial from the date of the verdict rendered in the first trial is, in our opinion, without merit. Sec. 271.04 (4), Stats., provides:

*"Items of costs. . . .*

"(4) *Interest on verdict.* When the judgment is for the recovery of money, interest at the legal rate from the time of verdict . . . until judgment is entered shall be computed by the clerk and added to the costs."

In our opinion, the language "from the time of verdict" can ordinarily refer only to the verdict upon which the judgment entered is based and not to a prior verdict which was not upheld but set aside upon granting a new trial. Damages in tort actions are not considered liquidated until they are determined. *Olson v. Laun,* 170 Wis. 106, 174 N. W. 473; *First Wisconsin Trust Co. v. Schmidt,* 173 Wis. 477, 180 N. W. 832.

In *Zeidler v. Goelzer,* 191 Wis. 378, 389, 211 N. W. 140, it was held that the trial court did not err in permitting the plaintiff to tax as a part of his costs interest on the amount of the damages found by the jury in a former trial of the action, but the court said:

"The action is one in tort; therefore the damages are not liquidated until they are determined. *No question of damages was involved* upon either the second trial or on the appeal from the judgment entered thereon. Naturally, under the decision on the former appeal, if the verdict had been favorable to the defendants, the jury's answer on the subject of damages would have been of no avail to the plaintiff. When,

however, the jury assessed damages in the sum of $2,500 on the 18th day of March, 1921, such damages became liquidated, and under the language of the statute and its spirit, interest must be computed from that date. *First Wisconsin Trust Co. v. Schmidt,* 173 Wis. 477, 180 N. W. 832."

That case apparently involved no controversy concerning the amount of the damages found by the jury in the first trial. Upon the first appeal of that action, *Crossett v. Goelzer,* 177 Wis. 455, 188 N. W. 627, the case was remanded for the trial of a single issue not involving damages,—judgment to abide its determination. In that situation, this court considered that the damages were sufficiently liquidated by the verdict rendered in the first trial to permit it to say that allowing interest on the amount of the damages found in the first trial was within the spirit of the statute (then sec. 271.05). In the present action, the principal controversy related to the amount of damages for permanent injury and future pain and suffering. That was the gist of the controversy upon the former appeal. Upon the first trial, the trial court regarded the damages as excessive and, upon the plaintiff's failure to accept the option to take judgment for the "lowest amount," etc., set aside the verdict and granted a new trial. In such a situation it would be stretching the language of the statute to say that the damages became liquidated when the jury rendered its verdict in the first trial.

In our opinion, the trial court was right in denying to the plaintiff interest on the amount recovered prior to the date of the verdict upon which the judgment was based.

*By the Court.*—Judgment affirmed.