RASMUSSEN, Respondent, vs. MILWAUKEE ELECTRIC RAIL-
WAY & TRANSPORT COMPANY and another, Appellants.

*April 11—May 7, 1952.*

For the appellants there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, for the Milwaukee Electric Railway & Transport Company, and by *D. J. Regan* of Milwaukee, for the Checker Cab Company, and oral argument by *Mr. Regan* and by *Mr. Van B. Wake* of Milwaukee.

For the respondent there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* and *Edmund W. Powell* of counsel, all of Milwaukee, and oral argument by *Mr. Powell.*

BROADFOOT, J. At the time of the accident on July 3, 1947, the plaintiff was seated in the rear seat of the cab, which was struck in the back by the streetcar with such force that the rear of the cab was pushed in eighteen inches to two

feet. The plaintiff was thrown about in the cab and was rendered unconscious. Between the date of the accident and the date of the trial in May, 1950, the plaintiff was treated by a number of doctors, and prior to the trial she was examined by other doctors for the defendants.

There is, of course, some dispute as to the extent of her disability. However, the record clearly establishes that she received serious injuries and that she suffered some permanent disability, with ample medical testimony that her injuries and permanent disability are attributable to the accident. There is evidence in the record of shock and brain concussion; rigidity and spasm in the neck muscles and in the lower back; limitation of motion in the neck; a slight curvature of the cervical spine to the right; some loss of sensation in the right arm and part of the fingers of the right hand; the seventh cervical vertebra is farther forward than normal on the first dorsal vertebra; narrowing of the intervertebral space at the fifth lumbar vertebra; limitation of motion of the hips and trunk; altered sensation in the right leg; and limitation of motion on straight leg raising.

Prior to the accident the plaintiff had done work of various kinds, particularly cooking and baking, and work in a delicatessen and restaurant. She testified that this was the type of work she wanted to do in the future. As a result of her disabilities she cannot do work that involves bending or lifting, or work that requires turning her head or being on her feet all day. She is not totally disabled, and is able to do some work. However, the record shows that her wages in the future will be diminished because of her partial disability. She had suffered considerable pain and she will have future pain.

The defendants contend that some of plaintiff's disabilities are, or could have been, caused otherwise than by the accident. They point to various congenital or developmental defects in her back anatomy, which are admitted. They

contend that there is no X-ray evidence of bone injury to support her complaints; that her complaints are subjective; that in the past she had complained of a heart condition; that prior to the accident she had fallen down a flight of stairs; that her posture was poor prior to the accident; and that she had other diseases and ailments prior to the accident.

These matters were thoroughly tried out before the jury in the trial court. The question of damages was reviewed by this court upon the first appeals, and it was our conclusion then that the determination of the reduced amount of damages by the trial court was within the limitation imposed upon it by law. Upon being assured that it followed the proper rule, we must affirm its determination.

Two questions in the special verdict referred to damages. Those questions, with the jury's answers, were as follows:

"Fifth question: If the court should be of the opinion that the plaintiff, Virginia Rasmussen, is entitled to recover, at what sum do you assess her damages for surgical and hospital expenses, treatments, nursing, and ambulance hire?
"Answer: $1,200.
"Sixth question: If the court should be of the opinion that said plaintiff is entitled to recover, at what sum do you assess her damages for discomfort, pain and suffering, and impairment of earning capacity, sustained by her in the collision in question?
"Answer: $35,629."

Following motions after verdict the trial court ordered that the defendants be granted a new trial as to damages only unless the plaintiff elected to take judgment against the defendants in a reduced amount, namely:

"(a) For surgical and hospital expenses, treatments, nursing, and ambulance hire............$ 1,200
"(b) For discomfort, pain and suffering, and impairment of earning capacity................ 23,600

"Total amount............$24,800."

Upon the first appeal to this court neither defendant made any attack upon the $1,200 item. The record was remanded for the sole purpose of obtaining a statement from the trial court that it had followed the proper rule in reducing the item of $35,629 to the amount of $23,600. No further action was required as to the $1,200 item. Upon the second appeal the defendants contend that some improper items must have been included by the jury to arrive at that figure. We do not feel that the defendants should have a second appeal from the award for medical and surgical expenses.

In the judgment the trial court allowed interest at five per cent upon the reduced amount of damages from August 11, 1950, to November 6, 1951. Sec. 271.04 (4), Stats., provides as follows:

"When the judgment is for the recovery of money, interest at the legal rate from the time of verdict or report until judgment is entered shall be computed by the clerk and added to the costs."

The defendants contend that this section of the statute is inapplicable because in effect the jury verdict was set aside and the allowance of interest was upon an amount fixed by the court, and that such amount was not finally determined until November 6, 1951. Under similar circumstances this court has held that where the amount of damages assessed in a verdict is reduced, the plaintiff is entitled to interest on that part of the verdict for which judgment is entered unless the order granting the option clearly excludes the right to interest. *Waterman v. Chicago & Alton R. Co.* 82 Wis. 613, 52 N. W. 247, 52 N. W. 1136; *Zeidler v. Goelzer,* 191 Wis. 378, 211 N. W. 140. The item of interest was properly included in the judgment.

*By the Court.*—Judgment affirmed.