B.D.C. CORPORATION, Appellant, v. PUBLIC SERVICE COM-
MISSION, Respondent: ARMORED CARRIER CORPORA-
TION, Intervenor.*

*November 1—November 29, 1966.*

* Motion for rehearing denied, without costs, on February 28,
1967.

For the appellant there were briefs by *Honeck, Mantyh & Arndt* of Milwaukee, attorneys, and *Axelrod, Goodman & Steiner* of Chicago, Illinois, of counsel, and oral argument by *Stewart G. Honeck.*

For the respondent the cause was argued by *William E. Torkelson,* chief counsel of the Public Service Commission, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the intervenor there were briefs by *Jasper, Winner, Perina & Rouse* of Madison, and oral argument by *Claude J. Jasper.*

GORDON, J. Because of the comprehensive recitation of facts in our previous opinion in this case, no useful purpose would be served by a repetition thereof. The question before the commission involved the proper interpretation of the contract motor carrier license which was issued by the commission on May 14, 1957. The license authorized B.D.C. to carry certain items from the First Wisconsin National Bank of Milwaukee to its

correspondent banks. In its 1962 ruling, the commission found that the license authorized transportation only in those instances in which the First Wisconsin was the shipper, that is, transportation which was under the direction and control of First Wisconsin. Under this construction, inbound carriage from correspondent banks would be permissible under the license only when First Wisconsin paid the charges. A similar construction was made with regard to the First National Bank of Kenosha, as shipper.

In the previous appeal, we determined that it was error for the commission to have reached its conclusions in 1962 without considering the entire evidentiary record of the prior proceedings. Accordingly, the matter was remanded for further proceedings.

Pursuant to such mandate, the commission held a hearing, and on February 18, 1965, the commission by order affirmed its declaratory ruling of 1962 and accompanied such order with a written opinion. The commission's opinion stated that it had considered "the record of the March 6, 1957 hearing and the relevant portions of the October 17, 1962 hearing, as well as evidence submitted at a further hearing held on November 10, 1964." The commission concluded that, based on the testimony and exhibits in these three hearings, it was convinced "that the Commission on May 14, 1957 intended to give no more and gave no more to B.D.C. Corporation than the limited authority to transport property enumerated for the First National Bank of Kenosha and the First Wisconsin National Bank of Milwaukee, as shippers."

The opinion of the commission also stated:

"There is nothing in the 1957 record that might have alerted the Examiner or the Commission to the possibility that B.D.C. Corporation wanted authority more extensive than a license to serve the two named banks. It is not unusual for shippers to instruct their contract carriers to obtain and deliver property on the return movement.

Consequently, the 1957 Commission could readily assume, on basis of the May 14, 1957 record as actually made, that First Wisconsin National Bank of Milwaukee intended to control and direct the transportation of non-negotiable documents to it from the correspondent banks as well as from it to the correspondent banks. Certainly, there was no reason for the Commission to think that it would not be profitable and prudent for a clearing house bank virtually to assure itself of the business of 54 correspondent banks by paying the carrier for its service in transporting the financial documents both to and from the correspondent banks.

"We know now that it is at least doubtful whether First Wisconsin National Bank of Milwaukee could lawfully control shipments from the correspondent banks because of statutes prohibiting branch banking. However, it could hardly be expected that the Examiner or the Commission in 1957 would be familiar with such an impediment unless some mention of the banking laws had been made. For that matter, there is nothing in the record to suggest that B.D.C. Corporation and the two banking representatives, including counsel, were aware of any such danger. Apparently, no one at that moment had the necessary prevision.

"We think it as likely as not that B.D.C. Corporation received from the 1957 Commission all the authority that it sought and desired at the time. In any event, we are convinced from our study of the record before the 1957 Commission, as well as the records of the two subsequent hearings, that the applicant presented an application and the evidentiary basis only for authority for B.D.C. Corporation to serve the two named banks as shippers and that the then Commission intended to give and gave only that limited authority."

The appellant B.D.C. Corporation urges that the order of the commission be set aside because such order is arbitrary and capricious. In our opinion, this contention cannot be sustained. The commission's interpretation of the license was one of the two conclusions which this court expressly stated to be permissible. At page 287 of our previous opinion, the court stated as follows:

"A majority of members of this court believes that upon remand, and upon consideration of the evidentiary record of the 1957 hearing, and those portions of the June, 1962, hearing which relate to practice under the license, the commission may come to one of two possible conclusions. (1) BDC is a private contract carrier shipping only for the clearinghouse banks, or (2) BDC is a private contract carrier shipping for both the clearinghouse banks and the correspondent banks."

Upon the remand from this court the commission complied with our direction to consider the entire evidentiary record in construing the license. We stated that the commission could determine that "BDC is a private contract carrier shipping only for the clearinghouse banks," and this is precisely the conclusion arrived at by the commission on remand.

The appellant urges that one of the two permissible findings which we had expressly authorized is arbitrary or capricious. On the contrary, we believe that our direction to the commission that it was entitled to reach one of the two findings constitutes the law of the case. See *Fehrman v. Smirl* (1964), 25 Wis. (2d) 645, 649, 131 N. W. (2d) 314; *Cathey v. Industrial Comm.* (1964), 25 Wis. (2d) 184, 130 N. W. (2d) 777; *Rasmussen v. Milwaukee E. R. & T. Co.* (1952), 261 Wis. 579, 53 N. W. (2d) 442; *Strehlau v. John Schroeder Lumber Co.* (1913), 152 Wis. 589, 142 N. W. 120.

The commission's finding is sustainable not only because it is consistent with the law of the case, but furthermore we find no arbitrariness in the commission's interpretation that the only authority which B.D.C. sought from the 1957 commission was a license which permitted shipping "for the clearinghouse banks," and that is what it received. In the circuit court's review of the commission's order of February 18, 1965, Judge BARDWELL expressed the opinion that "B.D.C. is trying desperately to change the language of its license to fit the many services

it is performing." In ruling upon an earlier appeal to the circuit court, Judge MALONEY, in an opinion dated July 24, 1963, stated that B.D.C. was really telling the commission that "it should have realized that we actually needed something more than we asked for."

We are convinced that the commission gave due consideration to the fact that the license fails to give B.D.C. the authority it now desires. However, such failure appears to stem principally from impediments inherent in federal and state banking regulations. Neither the commission nor the reviewing court is free to rewrite the 1957 license under the guise of interpretation. We adopt the expression contained in Judge BARDWELL'S decision:

"We conclude that there is a clear rational basis to the Commission's determination; hence it is neither arbitrary nor capricious and in our judgment is a correct determination of what authority the 1957 license granted."

*By the Court.*—Judgment affirmed.