MOLDENHAUER, Appellant, v. FASCHINGBAUER, Respondent.

*January 9—January 31, 1967.*

For the appellant there was a brief and oral argument by *Robert R. Gavic* of Spring Valley.

For the respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Thomas N. Klug* of counsel, all of Milwaukee, and oral argument by *Mr. Klug.*

HALLOWS, J.   A single question is presented on this appeal, namely, whether a plaintiff who exercises an option given under the *Powers* rule to accept a reduced amount of damages in lieu of a new trial is entitled to interest from the date of the verdict on such reduced amount. *Powers v. Allstate Ins. Co.* (1960), 10 Wis. (2d) 78, 102 N. W. (2d) 393.

Interest on the amount of a verdict from its date is includable in the judgment as an item of costs under sec. 271.04 (4), Stats., which provides, "When the judgment is for the recovery of money, interest at the legal rate from the time of verdict, decision or report until judgment is entered shall be computed by the clerk and added to the costs." We think the option granted under the *Powers* rule is in the nature of a remittitur of an excess amount of the verdict and the plaintiff is entitled to interest on the verdict so reduced. The reduced verdict then is the foundation for the judgment. The defendant

argues the option under the *Powers* rule is in the nature of a substitution for the excessive verdict which is set aside and the amount fixed by the court is in lieu thereof. Hence, the amount fixed by the court does not qualify as a verdict, decision or report under sec. 271.04 (4).

Prior to our decision in *Powers v. Allstate Ins. Co., supra,* and from early times, the exercise of the court's power over an excessive verdict was on the theory and in terms of correcting the verdict. On the ground of public policy to avoid relitigation, the court gave to the plaintiff the option to remit the excess of the verdict over an amount the court decided the plaintiff was entitled to have and, if the plaintiff agreed to accept that amount, the verdict was ordered to stand for the reduced amount and judgment was entered thereon. This procedure called for the plaintiff to file a remittitur whereby he remitted the excess of the verdict over the amount set by the court in the option. *Corcoran v. Harran* (1882), 55 Wis. 120, 12 N. W. 468; *Hocks v. Sprangers* (1902), 113 Wis. 123, 87 N. W. 1101, 89 N. W. 113; *Heimlich v. Tabor* (1905), 123 Wis. 565, 102 N. W. 10.

The plaintiff relies for his right to tax interest on the reduced amount of the verdict upon *Waterman v. Chicago & A. R. Co.* (1892), 82 Wis. 613, 52 N. W. 247, and *Rasmussen v. Milwaukee E. R. & T. Co.* (1952), 261 Wis. 579, 53 N. W. (2d) 442. In *Waterman* the plaintiff was given the option of remitting $5,000 of a $25,000 verdict or taking a new trial and on rehearing, on the question of interest, this court stated judgment "will be entered as on a verdict for $20,000, and the plaintiff will be entitled to tax, as costs, interest on that sum from the date of the original verdict, pursuant to the statute. Sec. 2922, R. S." 82 Wis. at page 639. This section was a forerunner of sec. 271.05, Stats. 1933, which later became the present sec. 271.04 (4). In *Rasmussen,* this court, discussing this section, said "where the amount of damages assessed in a verdict is reduced the plaintiff is

entitled to interest on that part of the verdict for which judgment is entered unless the order granting the option clearly excludes the right to interest." 261 Wis. at page 583.

In *McLimans v. Lancaster* (1886), 65 Wis. 240, 26 N. W. 566, a judgment for the plaintiff was reversed on a prior appeal because damages were excessive. The court had directed the trial court to grant plaintiff an option providing that if he remitted in writing from the verdict all damages excepting $5,000 and filed such remission with the clerk then the plaintiff should have judgment "on the verdict and such remission" for $5,000 and costs. Upon the failure to remit a new trial was to be ordered. The plaintiff filed his remission and took judgment including interest on the verdict. On the second appeal this court held the plaintiff was entitled to include in such judgment interest on the $5,000.

The plaintiff attempts to distinguish these cases on the ground the verdict was not set aside as it was in the instant case. In contrast to these cases stands *Lehman v. Amsterdam Coffee Co.* (1912), 151 Wis. 207, 138 N. W. 606. In *Lehman* a judgment for damages was reversed and a new trial ordered but with an option to the plaintiff to take judgment for $1,000. The plaintiff elected to take judgment and included interest from the date of the verdict. The court held the inclusion of interest was error because the plaintiff was given an option "to take judgment for $1,000 and no more." No prior case on the subject was cited. This case stands alone and in principle cannot be justified.

We think for the purpose of interest it does not make any difference how the option is framed under the *Powers* rule, *i.e.*, whether in the preferable form of requiring a remittitur of the excess of the verdict over the amount set by the court or couched in language of accepting or taking a judgment for a reduced amount. The nature of the judicial process is the same. It is the

correction of the verdict through its reduction by the consent of the plaintiff so that a judgment can be grounded upon a nonexcessive verdict. There is no doubt that where a verdict is not the basis of the judgment, interest cannot be taxed from the date of such verdict. Thus where a new trial is granted and the verdict is set aside and a second verdict is secured, interest can run only from the second verdict. *Wendt v. Fintch* (1940), 235 Wis. 220, 292 N. W. 890. And conversely, interest on a verdict for damages is properly computed from the date of the verdict in the first trial where the second trial was had only on the issue of negligence. In such a case the judgment rests partly on one verdict and partly on the other. *Zeidler v. Goelzer* (1926), 191 Wis. 378, 211 N. W. 140.

In *Powers v. Allstate Ins. Co., supra,* we referred to the power of the court to correct excessive verdicts by the use of remittiturs and cited for such procedure Correction of Damage Verdicts by Remittitur and Additur, 44 Yale Law Journal (1934), 318; Remittiturs and Additurs, 49 West Virginia Law Quarterly (1942), 1; and annotations in 53 A. L. R. 779 and 95 A. L. R. 1163.[1] In changing the rule in respect to the determination of the amount of the remittitur, we stated, "plaintiff should be granted the option of remitting the excess over and above such sum as the court shall determine is the reasonable amount of plaintiff's damages, or of having a new trial on the issue of damages." 10 Wis. (2d) at page 92. The traditional way of handling the option was to grant the option to the plaintiff to file a remittitur and if this was done to deny the defendant's motion for a new trial. However, this procedure was not always followed and questions arose as to the appealability of the various forms of orders made under the *Powers* rule.

[1] See also Remittiturs and Additurs in Personal Injury and Wrongful Death Cases, 1964 Personal Injury Commentator, 71.

In *Lucas v. State Farm Mut. Automobile Ins. Co.* (1962), 17 Wis. (2d) 568, 117 N. W. (2d) 660, the trial court changed the answers in the verdict by substituting a lower amount for the damages, a procedure we did not approve. We suggested that a formal order should be entered setting aside the verdict and granting a new trial on the issue of damages but providing in lieu thereof the plaintiff should have judgment for the amount set by the court if within a prescribed time he remitted the difference between such reduced amount and the jury award. This suggestion did not change the essential nature of the option or the judicial process, because the setting aside of the verdict is part and parcel of the granting of the new trial on the issue of damages which does not become effective if the plaintiff elects to remit the excess of the verdict over the amount set by the court. It makes no difference on the interest question whether the verdict is set aside and a new trial granted as one alternative not to be effective if the option is exercised or whether the option is given first and the verdict is set aside and a new trial granted only upon the refusal to exercise the option. In *Lucas* we also stated that in any subsequent judgment for the plaintiff upon his exercising the option he should be entitled to interest on the reduced verdict.

We think the defendant's argument that the verdict in the instant case was set aside and therefore there is no foundation for interest stresses too much. As a matter of form, the verdict was set aside at least twice. Such procedure was formalistic and not of substance. We do not think the plaintiff's right to interest should be denied because of the setting aside of an excessive verdict which is conditional in nature when an option is given under the *Powers* rule. The basis for the judgment in this case was the verdict modified in effect, if not in form, by the exercise of the option and as such carries interest under sec. 271.04 (4), Stats.

*By the Court.*—That part of the order appealed from is reversed with directions to include in the judgment interest on the reduced amount of the verdict as provided in sec. 271.04 (4), Stats.