Secard, Administrator, Respondent, vs. Rhinelander Lighting Company, Appellant.

*October 25, 1911—January 9, 1912.*

*Negligence: Unguarded excavations left in street: Death of child: Contributory negligence: Questions for jury: Appreciation of danger: Instructions to jury: References to evidence: Inadvertent omissions: Damages: Funeral expenses: Reducing excessive award: Appeal: Review.*

1. Defendant lighting company, after digging a number of post holes in the street about five feet deep and twenty inches in diameter at the top, left them for a time unguarded, and plaintiff's intestate, a girl between nine and ten years old, while playing about them fell into one of the holes and was killed. The street was considerably used, and children were likely to be passing. The hole in question was about two feet from the sidewalk, and the earth below the surface was of a nature likely to give way and cave in. *Held*, that the jury was warranted in finding defendant negligent.

2. Although the child had been admonished by young companions to keep away from the hole because of the danger of falling into it, it was nevertheless a question for the jury whether she was guilty of contributory negligence, especially in view of evidence from which the jury might have concluded that her fall was caused by the caving in of the earth under her feet and near the edge of the hole, of which danger she had no warning.

3. Children as well as adults are bound to exercise ordinary care for their own safety to the extent to which they may reasonably be expected under all the circumstances to know and appreciate the perils of personal injury.

4. As to any given event a child is responsible for just such care for his own safety as may reasonably be expected of one of his age, development, and intelligence under the particular circumstances.

5. Even when they know or ought reasonably to know the facts, young children are not, like adults, presumed to comprehend and appreciate the danger incident thereto.

6. The foregoing rule, though more commonly invoked between master and servant, is applicable in any situation where the question arises whether a child exercised ordinary care for its own safety.

7. The trial court may properly, in charging the jury, refer generally to features of the evidence, not giving particular prominence to any part so as to suggest the weight that should be given to it.

8. An inadvertent omission, in such reference to the evidence, of any particular material feature thereof is not assignable as error unless the attention of the trial court was seasonably called to it.

9. Funeral expenses are a proper part of the damages recoverable by a parent for death of a child caused by negligence.

10. In cutting down as excessive the jury's award of damages and compelling defendant to submit to the reduced amount at plaintiff's option, care should be taken not to invade the constitutional right of trial by jury; and this may be done by fixing the optional amount at the minimum which the jury might rightfully allow on the evidence.

11. An error of the trial court in failing to cut down sufficiently the jury's award, thus allowing recovery of excessive damages, is not reviewable on appeal unless the question was properly saved for review by due exception.

APPEAL from a judgment of the circuit court for Oneida county: A. H. REID, Circuit Judge.  *Affirmed.*

Action for damages caused by the alleged taking of the intestate's life.

The pleadings presented the question of whether defendant was legally liable for the intestate's death.   The evidence proved, or tended to prove, this: The defendant in the course of its permissible operations as a public utility corporation, made several excavations in a street of the city of Rhinelander, about five feet deep, twenty inches in diameter at the top, and somewhat less at the bottom.   The work was finished about the middle of the afternoon of the day of the accident. The intention, for a time, was to equip the excavations with poles during the afternoon and completely close them.   The employee who did the excavating soon thereafter went away for an hour or so, leaving the holes wholly unguarded.   Finally, it was determined not to close them up until the following day.   Thereupon employees went thereto for the purpose of putting covering thereon.   In the meantime the accident occurred.   The particular hole was about two feet from the sidewalk.   The street was considerably used.   Children were liable to pass along, in either direction, and, attracted by the hole, approach near to and play around the brink.   The earth at the surface was hard, but from a little below, the ground was of a nature liable to cave as must have been observable to the person who did the digging.   He, however, in walking around the edge of the particular hole when doing the work did not start any caving, so far as observed.   The deceased, a child between nine and ten years of age and reasonably intelligent for one of her years, and her sister who was eleven years of age, about 5 o'clock p. m. went from their home to the vicinity of the hole.   Two other girls, one thirteen years of age, accompanied them.   They met at the particular place. The deceased and older girl crossed the street to another hole and looked in.   The sister of deceased thereupon admonished

them to come away, saying, at the same time, there was danger of their falling in. They turned back, went to the particular place, and deceased jumped across it. She then walked partly around the hole and stood in an attitude of preparing to jump again. The two older girls then called to her to step away from the hole as there was danger of falling in. She replied that if she did so she could get out. She was then swinging her arms, leaning forward a little and apparently preparing to jump. Suddenly she pitched forward, apparently head first, into the hole and wholly disappeared. The earth caved as she went. Some of the crust broke down. The cave-in was sufficient to bury the child out of sight, except one lower limb from the knee. When, by excavating, her form was rescued she was found to be dead. She lay substantially on her back with her head the lowest and bent forward onto her breast. Her trunk was some three feet above the bottom of the hole while her feet were higher, one limb and foot, as stated, being above the caved-in earth, which reached to within about two feet of the surface. Evidence was admitted, without objection, following the allegations of the complaint respecting funeral expenses incurred to the extent of about $69.

The jury found that defendant failed to use ordinary care in respect to the hole; that the girl was free from contributory negligence; that the fault of defendant was the proximate cause of the injury; and that the pecuniary loss to the father, including funeral expense, was $2,071.90. The court refused to allow a recovery in excess of $1,500, but ordered judgment for that amount with costs, at plaintiff's election. That determination was submitted to by plaintiff and judgment was rendered accordingly.

The cause was submitted for the appellant on the brief of *E. D. Minahan,* and for the respondent on that of *Barton & Kay* and *Chas. W. Fricke.*

To the point that, having been warned that the place was dangerous, the child was guilty of contributory negligence,

even though she might not have known the extent or degree of the risk, counsel for appellant cited *Twist v. W. & St. P. R. Co.* 39 Minn. 164, 39 N. W. 402; 29 Cyc. 541; *Wendell v. N. Y. C. & H. R. R. Co.* 91 N. Y. 420; *Rodgers v. Lees,* 140 Pa. St. 475, 21 Atl. 399, 12 L. R. A. 216; *Oil City & P. B. Co. v. Jackson,* 114 Pa. St. 321, 6 Atl. 128; *Mullen v. Springfield St. R. Co.* 164 Mass. 450, 41 N. E. 664.

The following opinion was filed November 14, 1911:

MARSHALL, J.   It is not claimed, with confidence, that there was no jury question respecting actionable fault on the part of defendant.   The subject is merely suggested and submitted.   It is considered that like brief treatment will suffice here.

The evidence has been examined.   There is no controversy as to what was done and left undone by defendant.   Is it consistent with ordinary care, in view of the known fact that young children, yet old enough to go to school unattended and otherwise to be upon the street, are liable to be near excavations, and in view of the common knowledge that such children of little judgment are quite likely to be attracted by such things, to leave them unguarded, as in this case?   It does not seem difficult to answer that.

It is conceded that it is dangerous for a child to walk around the edge of such a hole.   The whole case for appellant is grounded on that theory, and that danger was so apparent that the child, upon being admonished to keep away from the hole as there was danger of her falling into it, should have known and appreciated the risk she took.   That defense, under the circumstances, is a confession that appellant created a serious danger by which children, lawfully in the street, were liable to be injured.   So it is considered that there were at least reasonable inferences in respondent's favor as regards whether there was actionable negligence, barring contributory negligence.

Was the child guilty of efficient contributory fault? The argument to sustain the affirmative is based wholly on the theory that she was admonished to step back from the hole and, in face of that, remained and did the thing which led to her death;—fell in as she was admonished might be the case, and the cave-in followed.

The chief support of such contention is the claim that the child fell into the excavation before there was breaking down of the surface, and that the disturbance by her person in the hole caused the cave-in. A very ingenious argument on that appears in counsel's brief, but it is far from conclusive. The fact that no part of the child's body was at the bottom of the hole or very near to it, strongly rebuts the theory that she fell in before there was any caving. Again, the general location of her person further rebuts it. So if it were vital to the case to determine whether the child fell in and the earth then caved, or the giving away of the earth under her feet, or close to them, caused the fall, there was a fair jury question on the evidence.

The claim is made that the evidence shows a clear case of inexcusable carelessness of the child, because she was admonished of the danger of being near the brink of the excavation, *Ryan v. La Crosse City R. Co.* 108 Wis. 122, 83 N. W. 770; *Wills v. Ashland L., P. & St. R. Co.* 108 Wis. 255, 84 N. W. 998, and similar cases being relied on. They were grounded upon the principle that children as well as adults are bound to exercise ordinary care for their own safety to the extent which they may reasonably be expected, under all the circumstances, to know and appreciate perils of personal injury.

So it was said, in effect, in the first case, that, a child,— accustomed to street cars at the early age of eight or nine years, and knows of the liability of one passing on the track at any time, especially that one may do so at or near a particular time and knows the danger of being then on the track,—a

child old and intelligent enough to know that to walk upon or so near the track as to be within reach of a car regardless of whether one is about to pass, is perilous,—who goes under such circumstances within the pathway of a car is guilty of fatal want of ordinary care. All the authorities along that line turn upon the principle that, as to any given event, a child is responsible for just such care for his own safety as may reasonably be expected of one of its age, development, and intelligence under the circumstances characterizing the particular event. *Klatt v. N. C. Foster L. Co.* 97 Wis. 641, 73 N. W. 563.

So it follows that, while the principle discussed is fixed in its scope, circumstances so alter cases, that the decision in one case does not cast much light upon the right of another further than that the rule of personal responsibility for personal safety, within stated general limitations, applies to children as well as adults. To that extent the cases cited by counsel for appellant apply here, but such application in view of the particular facts, falls far short of showing that deceased was guilty of contributory negligence as a matter of law.

One fatal difficulty with the position of appellant's counsel, is that the child was not admonished of any danger of the earth she was standing on or near, giving away at the surface, as there is evidence, it is thought, from which the jury might reasonably have come to the conclusion, was the case. She had full confidence in her ability to walk around the hole without any danger of falling in, and demonstrated her capacity in that respect by jumping across the hole and preparing to jump back. It was such breaking down of the surface, precipitating her, as it were, into the hole, as the jury may reasonably have concluded, which caused the mischief. She had no warning of such a danger. Whether she ought to have known of it without warning, is by no means clear. So the matter was properly submitted to the jury.

We note counsel for appellant claims that the element of appreciation of known danger, or appreciation of the danger of known situations, does not apply to such a case as this,— that it only applies to where the relations of master and servant exist. That is a novel idea and wrong as it is novel. It applies in many situations involving the conduct of persons so young that they cannot reasonably be expected to possess substantially the judgment of adults. When an adult or person of general intelligence of an adult knows, or ought reasonably to know, the facts, he is presumed to comprehend and appreciate danger incident thereto. Not so as to a young child old enough to be chargeable with some degree of care for its own safety, but not that of persons generally, or even children of its age generally. So while the term "comprehend and appreciate" is confusing and often out of place in reference to the responsibilities of an adult or experienced person, it is proper, and generally necessary, as to that of such children. True, the law in this regard is more commonly invoked in regard to the relations between master and servant, but the principle of it applies in any situation where the question is vital as to whether a child exercised ordinary care for its own safety.

So it seems that there was a fair question for the jury on the evidence in this case as to whether the deceased knew, or ought, under the circumstances, to have known, and appreciated the danger of the earth caving from under or near her feet and causing her to fall into the hole. Of such an event she had no warning. That it was just such an event which led to her death, the jury may reasonably have concluded from the evidence.

Complaint is made because the court, in referring to testimony relating to a vital question, did not refer to all of it. We fail to discover the court made any attempt to cite to the jury the details of the evidence. The references thereto were

made in most general terms and carried the idea, plainly, that the evidence, and all of it, bearing on the question was to be considered, though those precise terms were not used.

The court may properly refer to features of the evidence, making no attempt to give particular prominence to any part so as to suggest the weight that should be given thereto. If, in referring to the evidence, any particular material feature is inadvertently omitted and attention is not seasonably called thereto, there is no assignable error in regard to the matter, and no prejudicial error in any event, unless it appears that the omission may, probably, have affected the result unfavorably to the party complaining.

Complaint is made because the funeral expenses were allowed to be considered in determining the damages. No error was committed in that regard. It plainly constituted pecuniary loss of the father for whose benefit the action was brought. Moreover, whether the trial court in correcting the verdict removed that element, does not appear. That may have been the intention.

There is no complaint as to the amount of the verdict on the ground of excessiveness. However, to avoid danger of the recovery being referred to as a precedent, it seems well to say that in cutting down a verdict as erroneous and compelling defendant to submit to a reduced amount at the plaintiff's election, care should be exercised not to invade the constitutional right of trial by jury. That is to be avoided, as this court has often held, by fixing the optional amount at the minimum which a jury might rightfully allow on the evidence instead of the maximum. *Baxter v. C. & N. W. R. Co.* 104 Wis. 307, 335, 80 N. W. 644; *Beach v. Bird & W. L. Co.* 135 Wis. 550, 560, 116 N. W. 245. The primary idea, in such a case, is that the verdict of the jury is prejudicially erroneous, requiring it to be set aside,—that the verdict is characterized by fatal error. The next idea is to correct the error without a new trial, without prejudice to the constitutional right of trial

by jury. That is clearly done, as suggested by Mr. Justice TIMLIN, speaking for the court in the last case cited, by fixing the optional amount as low as a jury, acting within its province, could be reasonably expected to place it. The trial court, as seen by the opinion, put the amount here somewhat more than the maximum a jury would be permitted to place it, and failed to take note of the fact that a sum paid presently is much greater, in the practical sense, than a like sum paid years in the future. These observations are made, as before indicated, to guard against the course followed being referred to by or in trial courts as a guide. Whatever prejudice, if any, there was to appellant by such course, is irremediable because the question in respect to the matter was not saved for review. Moreover, no assignment of error was made in respect to it.

*By the Court.*—The judgment is affirmed.

A motion for a rehearing was denied January 9, 1912.