KEASLER, Administrator, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*January 12—February 7, 1928.*

*Death: Damages: Financial loss not connected with plaintiff's relationship to deceased: Recovery.*

1. Secs. 331.03 and 331.04, Stats., authorizing a recovery for a wrongful death by specified relatives of the deceased, create rights and recognize remedies not known to the common law; and the amount of recovery thereunder is limited to the pecuniary or financial loss as distinguished from injuries to feelings. pp. 110, 111.

2. Plaintiff was required by the terms of judgments rendered in divorce proceedings between himself and his two former wives to pay certain sums of money, without interest, upon the death of his mother; but the fact that her death, occasioned by the wrongful act of the defendant, accelerated the time of the payment of the judgments, does not permit the plaintiff to recover from the defendant the present worth of the interest he was required to pay upon the money he borrowed to pay the judgments. p. 113.

APPEAL from a judgment of the circuit court for Racine county: JAMES WICKHAM, Judge. *Affirmed.*

Action commenced in April, 1926, to recover damages consequent upon an accident to plaintiff's mother on September 13th, resulting in her death on September 22, 1925.

No contest is made as to defendant's responsibility for the accident to Mrs. Keasler, or to the jury's award for her damages and as recovered by her estate.

The plaintiff, forty-one years old, sole child and administrator of the estate of his mother, asserts the right, upon the verdict in that regard, to recover as the pecuniary injury to him consequent upon the mother's death the sum of $2,677.29; his situation being that he was required by the terms of one divorce judgment to pay at the time his mother died, to his son the sum of $2,000 without interest, and by a second divorce judgment to pay his second wife, also upon his mother's death, $5,000, also without interest. The trial court, on motions after verdict, changed the answers of the jury in this regard and denied plaintiff relief.

From the judgment of May 7, 1927, in that respect plaintiff appeals.

For the appellant there were briefs by *McGovern, Lyons, Curtis, Devos & Reiss* of Milwaukee, and oral argument by *F. E. McGovern.*

For the respondent there was a brief by *Simmons, Walker & Wratten* of Racine, and oral argument by *John B. Simmons.*

Eschweiler, J.    Plaintiff here asserts that but for the accident to and consequent death of his mother caused by defendant's negligence, the time for the payment of the two judgments aggregating $7,000 would have been deferred at least eight years, the mother's then expectancy of life at her then age of seventy-one years, and that as a relative of the deceased he suffered as pecuniary injury resulting from her death the present worth of the interest he was required to pay upon the money he borrowed upon the so hastened death of the mother to pay these two judgments.

His action was properly maintained under sec. 331.03, Stats., permitting recovery for a death by wrongful act. The persons by whom and for whose benefit such damages are recoverable are specified in sec. 331.04, which provides, in substance, that the amount recovered in such action shall belong and be paid over to certain specified relatives of such deceased person in the respective order of husband or wife; lineal descendants; lineal ancestors; and finally, brothers and sisters.    No other relatives or persons than such are within its terms.    The statutory provision as to damages is that the jury may allow such damages, not in excess of $10,000, as they may deem fair and just in reference to the pecuniary injury resulting from such death to the above specified relatives of the deceased.    The other provisions are not material here.

It is clear from this statute that the plaintiff here, a son, one of the relatives specified in said statute, must show, first, that he sustained a pecuniary injury; and second, that such pecuniary injury was incident to or consequent upon such relationship.

The statutes here involved, *supra,* create rights and recognize remedies not known to the common law.    *Brown v. C. & N. W. R. Co.* 102 Wis. 137, 139, 77 N. W. 748, 78 N. W. 771, 44 L. R. A. 579; *St. Louis, I. M. & S. R. Co. v. Craft,* 237 U. S. 648, 655, 35 Sup. Ct. 704; *Panama R. Co.*

*v. Rock,* 266 U. S. 209, 211, 45 Sup. Ct. 58; *Flash v. Louisiana W. R. Co.* 137 La. 352, 68 South. 636, L. R. A. 1916 E, 112.

By the plain letter of the statute and repeated decisions, the amount recovered must be limited to the pecuniary or financial loss as distinguished from the distinct element, often recognized as proper for consideration in many other actions, of injuries to the sentiments or to the feelings. *Potter v. C. & N. W. R. Co.* 21 Wis. 372, 374, quoted and approved in *Leque v. Madison G. & E. Co.* 133 Wis. 547, 553, 113 N. W. 946; *First Wis. Trust Co. v. Schmidt,* 173 Wis. 477, 482, 180 N. W. 832.

That the "pecuniary injury" of the statute must be limited to such as have a direct connection with the family relationship existing between the person seeking to recover and the deceased is well illustrated in the cases passing upon the question of the right to recover in such an action for the amount expended for the burial of the deceased. If the suing relative be one upon whom the law places the duty or obligation of payment of such expenses he may recover,—as the father, for instance, as shown in the case of *Secard v. Rhinelander L. Co.* 147 Wis. 614, 622, 133 N. W. 45; or as stated in *Cochrane v. C. Hennecke Co.* 186 Wis. 149, 153, 202 N. W. 199, the widow may; while if the duty is not so placed or the payment made by the relative suing, such item belongs to the estate of the deceased and may be recovered there, as is stated in *Herning v. Holt L. Co.* 153 Wis. 101, 108, 140 N. W. 1102, for, primarily, the funeral expenses are a charge against the estate of the deceased. *Will of Borchardt,* 184 Wis. 561, 568, 200 N. W. 461; *Estate of Kelly,* 183 Wis. 485, 490, 198 N. W. 280.

A very wide range has been recognized as to the elements that may properly be included in such "pecuniary injury;" for instance, that the widow may have considered her expectancy in ultimately receiving a share of what would have

been the future earnings of the husband and the additions he might have made to his property, as stated in *Lawson v. C., St. P., M. & O. R. Co.* 64 Wis. 447, 24 N. W. 618; also *Ryan v. Oshkosh G. L. Co.* 138 Wis. 466, 474, 120 N. W. 264; and so as to children, *Tuteur v. C. & N. W. R. Co.* 77 Wis. 505, 508, 46 N. W. 897. Yet this court has consistently held that such plaintiff may recover "only for the pecuniary damages" resulting to such relative from the death. *Hamann v. Milwaukee B. Co.* 136 Wis. 39, 46, 116 N. W. 854; *McGonegle v. Wisconsin G. & E. Co.* 178 Wis. 594, 596, 190 N. W. 471.

Plaintiff, however, insists that the contention he here makes is in effect sustained and required by certain former rulings of this court as follows:

*Ewen v. C. & N. W. R. Co.* 38 Wis. 613, 625, where the plaintiff mother, seeking to recover for the death of a minor child, was held entitled to have considered as an element of her damage the diminution in a pension she had been receiving, a portion whereof was on account of her having such minor child, and upon whose death it was reduced to that extent, and the death of the child, therefore, directly decreased the amount of her income.

*Mulcairns v. Janesville,* 67 Wis. 24, 37, 29 N. W. 565, where the death of the father shifted the burden of supporting the minor children to the plaintiff mother, and for that additional burden thus placed upon her and arising out of the family relationship, and solely by reason thereof, such necessary and obligatory future support was held properly included in her damages.

*Abbot v. McCadden,* 81 Wis. 563, 51 N. W. 1079, a similar situation to that in the case last cited. The court there again expressly stated that the damages that the widow might recover are those which she suffers, not which the surviving children may suffer. Page 566.

Reliance is also placed upon the case of *Rowley v. L. &*

Keasler v. Milwaukee E. R. & L. Co. 195 Wis. 108.

*N. W. R. Co.* (1873) L. R. 8 Exch. Cas. 221, where a plaintiff mother was, by the death of the son, deprived of an annuity of 200 *l,* which was made upon their lives but secured by the personal covenant of such son, and it was held proper for the jury to consider that such personal covenant might become of no value through his ill health or loss of business by interfering with the son keeping up the annuity payments, and therefore the annuity itself become valueless. Also, *McIntyre v. N. Y. C. R. Co.* 37 N. Y. 287, where, in reference to the New York death statute, quite similar to ours, it was held that there was no precise rule as to the amount and the species of the injury sustained, and that there could be included as loss to the children the loss of bodily care, intellectual culture, or moral training which the deceased mother had supplied and might reasonably be expected to have continued to supply.

None of these cases or others cited by appellant are at all applicable here.

We have here a situation where no pecuniary contributions which the mother had been making to the son or would have made in the future were cut off by her death. Her death merely fixed the time when obligations, in no wise connected with the relationship between the plaintiff and his mother, were to take immediate effect. The same thing would have occurred if, instead of the mother's, the time of the death of any other person had been fixed for the judgments to become payable. That the death of the mother also hastened the period when the plaintiff came into possession of the mother's estate, as it appears from the record he did, is also immaterial.

The trial court therefore did right in holding that the item sought to be recovered by the plaintiff was not such as comes within the terms of the statute.

*By the Court.*—Judgment affirmed.