NEUSER (THERESA), Respondent, vs. THELEN and another, Appellants.

*September 12—October 11, 1932.*

For the appellant Thelen there was a brief by *Olwell & Brady, George A. Gessner,* and *John H. Schlintz,* all of Milwaukee, and oral argument by *Mr. Gessner.*

For the appellant Edmund Neuser there was a brief by *N. H. Roden* of Port Washington, attorney, and *Rouiller & Dougherty* of Milwaukee of counsel, and oral argument by *C. F. Rouiller*.

For the respondent Theresa Neuser there was a brief by *William F. Schanen* of Port Washington, attorney, and *Shaw, Muskat & Paulsen* of Milwaukee of counsel, and oral argument by *Martin R. Paulsen*.

The following opinion was filed October 11, 1932:

FOWLER, J.   We will treat separately the issues between the plaintiff and the defendant Thelen and those between the two defendants.   Thelen concedes that as matter of law he was guilty of negligence in failing to keep a proper lookout which proximately caused the plaintiff's injuries.   He claims (1) contributory negligence of plaintiff and her husband as matter of law; and if not, that (2) the questions of their negligence were for the jury; (3) that the plaintiff cannot recover for the death of her husband because a cause of action for his pain and suffering lay in favor of his estate and only the administrator can bring the wife's action in such case; (4) that the damages for the husband's death are excessive; and (5) that the court misinstructed the jury as to damages.

(1) (2) At the close of the testimony the court stated in effect that he was satisfied that both Thelen and Edward Neuser, the drivers of the two cars, were guilty of negligence that proximately caused the collision as matter of law and that the only question in the case was that of damages. Thelen moved for a directed verdict which was denied.   The court submitted the question of damages to the jury by a special verdict.   Thelen did not request that the question of contributory negligence be submitted to the jury.   The court had said nothing whatever on this question.   Both the plaint-

iff and her husband were guests, and the question of a guest's contributory negligence is (in absence of direction or request to proceed and perhaps other possible exceptions not here present) for the jury. *Tomberlin v. Chicago, St. P., M. & O. R. Co.* 208 Wis. 30, 238 N. W. 287, 242 N. W. 677, 243 N. W. 208; *Paine v. Chicago & N. W. R. Co.* 208 Wis. 423, 243 N. W. 205. The record shows that in this and two other cases growing out of the same accident "three special verdicts were drawn up and a copy of each submitted to attorneys for plaintiff and attorneys for defendant" and "no objections raised thereto." If Thelen desired questions on contributory negligence to be submitted to the jury he should have requested the court to submit them. Not having so requested, the questions must be deemed to have been decided by the court in support of the judgment. Sec. 270.28, Stats.

(3) The complaint alleged that the collision caused the "almost immediate death" of plaintiff's husband, and the answer admits this allegation. The evidence showed that the husband lived over an hour after the collision and suffered pain until a few minutes before his death. The defendant contends that in this situation the cause of action for his death was in the administrator and the death action should have been dismissed either on his motion for a nonsuit or for a directed verdict as no action in favor of the plaintiff personally was proved. The statute plainly enough places the right of action in the administrator and denies to the person for whose benefit the action is brought the right to bring suit in his or her own name, unless no action lies in favor of the estate. Sec. 331.04, Stats. The objection that the cause of action lies in favor of the personal representative of a deceased person and not in the person suing goes to the sufficiency of the complaint and not to the want of capacity to sue, so that it is not waived by failing to raise it by answer or demurrer under secs. 263.06, 263.11, and 263.12, Stats., which provide that objections that may be raised by answer or demurrer, except the objection for insufficiency of facts,

are waived by not so raising them. *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489; *Legault v. Malacker,* 166 Wis. 58, 163 N. W. 476. The *McKenney Case* was brought by an heir to recover personal property belonging to his ancestor. On trial he recovered. The case was reversed for dismissal on the ground that the cause of action was in the administrator. In the *Legault Case* the action was brought by a father against the owner of a dog for the death of his son from hydrophobia caused by the dog's biting the son. On demurrer to the complaint for insufficiency of facts this court ruled it stated a cause of action, basing the decision on the ground that it was not necessary to allege scienter, without considering the point that the action was wrongly brought in the name of the father in view of the fact that the son lived for a considerable period after being bitten so that a cause of action lay for his pain and suffering in favor of his estate. On trial of the case afterwards a motion for nonsuit was made on this ground, which the trial court overruled, and judgment went for the plaintiff. This court affirmed the ruling, but only on the ground that its ruling on the demurrer became the law of the case, that the plaintiff was entitled to recover on the facts stated which had been proved, and stated that otherwise the motion should have been granted.

We are of opinion that the trial court should have dismissed the cause of action for damages for the death upon motion for a nonsuit, and that the judgment herein must be modified by striking therefrom the amount included for the damages assessed for the death and dismissal of the cause of action for those damages. The item of $557 funeral expenses, claim for which belongs to the estate, was allowed as within this cause of action, and falls with it.

(4) There is no occasion to express any opinion whether the damages awarded are excessive. But we deem it advisable to call attention to the meagerness of the evidence upon this point. It appears that the husband was an industrious farmer and had reared a large family of children, some of

whom were still minors. His age and that of his wife also appeared, and that after his death an adult son returned home to run the farm consisting of 120 acres. Manifestly this is slight evidence indeed upon which to base an award of damages to the wife. It is obvious that many other facts and circumstances bearing upon the matter might have been shown, and upon trial of the action by the personal representative all such should be shown, by one party or the other.

(5) As the action based upon the death is to be dismissed there would be no occasion to discuss the assignments (4) and (5) but for the fact that we are of opinion that the court erred in instructing the jury as to damages and it is desirable to avoid recurrence of the error on trial of the administrator's case. The court instructed in part as follows: "Now you cannot allow anything to the wife for the loss of the society of the husband, but you are limited to such sum as it is reasonably certain that the husband would have earned in the future through his services in behalf of his wife." This implies that the wife was entitled to recover the full amount of the husband's future earnings, which is obviously incorrect, and it seems advisable to point this out in order to avoid like error upon retrial. The widow is not entitled to recover her deceased husband's earnings, but the value of the support and pecuniary benefit she would probably have received from the husband during his life had he lived, in view of the amount of those earnings, and such sum if any as it is reasonably certain she would have ultimately received as his widow from such accumulations from his future earnings as it is reasonably certain he would have made.

The defendant Edward Neuser, who was held liable to the defendant Thelen for contribution, but against whom the plaintiff makes no claim, assigns the same errors as Thelen against the judgment for which Thelen is bound. These are for the most part already disposed of. But it is necessary to consider separately his claim that the court erred in not submitting to the jury the question of the plaintiff's contributory

negligence. However, he is more clearly than Thelen foreclosed of this claim, because he did not request its submission, and it must therefore be taken by the court as decided against him in support of the judgment. He especially requested submission of a special verdict as to his own negligence, but made no request for inclusion in it of any questions relating to contributory negligence.

Edward Neuser also claims that the court erred in finding him guilty of negligence as a matter of law. The facts bearing on this point are simple. Construing the evidence as favorably as possible to Neuser they are as follows: Neuser was driving east on a state trunk highway and Thelen was driving south on an intersecting road. Neuser was going twenty to twenty-five miles per hour and 200 feet from the intersection reduced to eighteen or twenty. When 300 feet and when forty feet from the intersection he looked north, could then see 800 to 1,000 feet up the highway both times and neither time saw any one coming. He glanced thirty feet north again when entering the intersection and saw no one coming, and thinking no one was coming he proceeded from the west edge of the intersection until the rear of his car was just across the center, when he was struck by Thelen's car. He did not see the car until the instant before it struck him. Thelen was driving twenty-five to thirty miles an hour and slowed down to twenty as he neared the intersection. He did not see the Neuser car. From this mere statement it is plain that had Neuser looked efficiently either of the first two times he said he looked, he would have seen Thelen approaching. He either did not look at all or looked without seeing what was in plain sight. He is in precisely the situation he would have been in had he not looked at all. We then have the simple question, Does one exercise ordinary care who on entering an intersection merely glances only thirty feet to his left and seeing no one within that distance proceeds? It is manifest that he does not. It is argued that Neuser had the right of way under the statute and might rightly assume that

a car approaching the intersection would yield to him. But had he made any adequate observation before he entered the intersection he would have seen the approaching car, seen that it was to approach the intersection at approximately the same time he did, and would have observed that the driver was not intending to yield the right of way. He would have had control of his car and been able to avoid collision by stopping, by turning right, or by speeding up. He not only failed to use ordinary care to maintain an efficient lookout, but this failure was a proximate cause of the collision. This seems too plain for reasonable controversy. *Mertens v. Lake Shore Y. C. & T. Co.* 195 Wis. 646, 218 N. W. 85; *Wallace v. Papke,* 201 Wis. 285, 289, 229 N. W. 58; *Nicholson v. Schroeder,* 202 Wis. 517, 232 N. W. 872; *Pettera v. Collins,* 203 Wis. 81, 83, 84, 233 N. W. 545; *Thieme v. Weyker,* 205 Wis. 578, 238 N. W. 389.

This disposes of the case between the plaintiff and defendant Thelen and as between Thelen and Edward Neuser on the issue of contribution. It also disposes of the issue between Thelen and Edward Neuser in a separate action of Edward Neuser v. Thelen, tried together with the case of Theresa Neuser, in which Edward Neuser sought recovery from Thelen for his injuries sustained in the same collision alleged to have been caused by Thelen's negligence, as what is said respecting Edward's negligence in the case of Theresa applies to the question of his contributory negligence in his own case.

However, a question not raised by the briefs arises as to the judgment for contribution. The directed verdict went upon the idea that the negligence supporting a judgment in favor of the plaintiff against both defendants would support a judgment for contribution against Edward Neuser. But as held in the case of *Standard Accident Ins. Co. v. Runquist,* decided herewith (*ante,* p. 97, 244 N. W. 757), to support contribution there must be a common liability. But the negli-

gence necessary to support a judgment for the guest against his host is different from that supporting judgment against the driver of an automobile colliding with that of the host. The duty of the host is not to increase the risks the guest assumes; the duty of the driver of the other car is to use ordinary care towards the safety of other users of the highway. In the instant case, however, the failure of duty of the host was in respect to lookout. That duty is the same to the guest that it is to all other users of the highway. *Poneitowcki v. Harres,* 200 Wis. 504, 228 N. W. 126. Neuser's failure of duty towards the plaintiff was therefore the same as Thelen's. The liability of the two was the same. It was a common liability and therefore supports the judgment for contribution.

*By the Court.*—The judgment is modified by deducting therefrom the sum of $6,557 and dismissing the complaint as to the first cause of action, without prejudice to action by the administrator; so far as it awards contribution from Edward Neuser it is affirmed. Defendant Thelen is allowed costs against defendant Edward Neuser.