HEGEL, Administrator, Respondent, vs. GEORGE, Administratrix, and another, Appellants.

*March 5—June 4, 1935.*

For the appellants there were briefs by *Hannan, Johnson & Goldschmidt,* attorneys, and *Martin R. Paulsen* of counsel, all of Milwaukee, and oral argument by *Mr. Paulsen.*

For the respondent there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann.*

The following opinion was filed April 2, 1935:

WICKHEM, J. On August 18, 1933, at about 1:15 a. m., Ramon Howe, plaintiff's intestate, was driving an automobile along the state trunk highway in Sheboygan county, when a collision occurred with an automobile operated by defendant's intestate, George A. George, who was accompanied by one Joseph Schumerth. George was dead when he entered the hospital at 2:15 a. m. Howe died at the hospital at about 4:30 a. m. By the special verdict George was found to have been negligent to the extent of eighty-five per cent and Howe to the extent of fifteen per cent. Defendant Insurance Company had issued a policy of automobile insurance to George.

It is the contention of defendant that there is no cause of action for the wrongful death of Howe because George, the alleged wrongdoer, predeceased Howe. This contention is based upon the propositions: First, that the existence of a cause of action for wrongful death during the lifetime of the tort-feasor is a condition precedent to the survival of such

an action, under the provisions of ch. 53, Laws of 1933, which amended sec. 331.01, Stats., to add the following clause: "Actions for wrongful death shall survive the death of the wrongdoer." Second, that since the death of George occurred before a cause of action had arisen, no cause of action ever arose in favor of plaintiff.

These contentions require a short review of the law of this state with respect to the nature of the cause of action for death by wrongful act and its survival. It was established prior to the enactment of ch. 53, Laws of 1933, that a cause of action for wrongful death did not survive the death of the wrongdoer. This was held in three cases where the death of the victim antedated the death of the wrongdoer. *Kranz v. Wisconsin Trust Co.* 155 Wis. 40, 143 N. W. 1049; *Layton v. Rowland,* 197 Wis. 535, 222 N. W. 811; *Wiechmann v. Huber,* 211 Wis. 333, 248 N. W. 112. Ch. 53, Laws of 1933, was evidently passed to change the doctrine of these cases. Where a tort-feasor was killed in the accident which resulted from his tortious act, after causing injury to the plaintiff but before all of plaintiff's damages were sustained, it was held that a cause of action arose in favor of plaintiff prior to the death of the tort-feasor. It was also held that a single cause of action resulted from the single tortious act causing injury to plaintiff's person and property, and that the injuries inflicted after death were recoverable as items of damage of the cause of action which antedated death. *Booth v. Frankenstein,* 209 Wis. 362, 245 N. W. 191; *Krantz v. Krantz,* 211 Wis. 249, 248 N. W. 155. It was intimated in both of these cases, however, that if a tort-feasor dies before any cause of action for tort arises, there is nothing to survive, and, in the absence of a statute creating a cause of action, there is no cause of action for the tort. It is evident that ch. 53, Laws of 1933, operates only upon causes of action which have come into existence during the lifetime of the tort-feasor. *Estate of Rosecrantz,* 183 Wis. 643, 198

N. W. 728. It is equally clear that it creates no new cause of action. *Brown v. Chicago & N. W. R. Co.* 102 Wis. 137, 77 N. W. 748, 78 N. W. 771; *Krantz v. Krantz, supra.* Plaintiff, however, contends that, at the death of the tort-feasor in this case, a cause of action had arisen. This contention is based upon a claimed distinction between the time when a cause of action *arises* and the time when it *accrues.* Applied to the present situation, it is the contention that the cause of action for wrongful death arose when the wrongful act of the tort-feasor inflicted the injury that ultimately resulted in death; that while it is true that the rights of the statutory beneficiaries of the victim were inchoate, and that they had not accrued in the sense that suit could be brought, nevertheless something existed prior to the death of the tort-feasor which could survive. The difficulty with this is that what survives is an action based upon a pre-existing cause of action, and a cause of action for wrongful death does not exist until the death of the victim. *Mesar v. Southern Surety Co.* 197 Wis. 578, 222 N. W. 809. Until such event, the contingency which is essential to vest a cause of action in the beneficiaries is wholly lacking. The right, protected by Lord Campbell's Act and violated by the tortious conduct, is a right to the continued life of the victim. This right is not violated unless and until the life of the victim is terminated. At that moment a cause of action arises. As was pointed out in *Kranz v. Wisconsin Trust Co., supra,* the cause of action for wrongful death "does not accrue until the death of the injured party, and it is then not a devolution of any pre-existing cause of action, but is purely a statutory creation." Plaintiff cites two cases as his principal reliance. *Quinn v. Chicago, M. & St. P. R. Co.* 141 Wis. 497, 124 N. W. 653; *Rudiger v. Chicago, St. P., M. & O. R. Co.* 94 Wis. 191, 68 N. W. 661. In the *Quinn Case* the court speaks of the inchoate right existing before the death of a victim, as distin-

guished from the right of action. It is to be noted, however, that the court states that "the right of action waits upon death occurring." In the *Rudiger Case* the court says:

". . . The right of action cannot spring from the death itself, but from the effect of the neglect or wrongful act upon rights growing out of such relations. . . . The cause of action is obviously the wrongful act or neglect. . . . The foundation of the action is obviously the wrongful or negligent act or default which caused the injury. . . ."

It is true, of course, that in part the cause of action springs from or arises out of negligence or wilful wrong. Certainly, it is dependent upon the doing of a tortious act. It is equally true that it has no existence unless and until death occurs, any more than a cause of action for negligence comes into being in advance of injury proximately caused by the act. No one can sue upon it, not because of any personal disability, but because there is no cause of action. In *State ex rel. Northwestern M. L. Ins. Co. v. Circuit Court,* 165 Wis. 387, 162 N. W. 436, the court also distinguished between the words "arise" and "accrue," in connection with a cause of action, as follows:

"There is, however, a substantial difference in meaning between the words 'arise' and 'accrue.' A cause of action may logically be said to arise when the facts necessary to demonstrate the defendant's breach of duty and liability to some person or group of persons or interest have all come into existence, even though the person or group be not at the time competent to sue, but must sue through a representative to be appointed later, while it cannot be said that a cause of action has 'accrued' until there was a person in existence to whom it can accrue, for the very plain reason that a thing must accrue to somebody."

This was said in determining the right to a change of venue under a statute providing that the proper place of trial of an action against a domestic corporation shall be "the county in which it is situated or has its principal office or

place of business, or in which the cause of action *or some part thereof* arose." It is of course true that a part of a cause of action has "arisen" when the defendant's wrongful act has occurred, and this may have some materiality in determining a question of change of venue. But the court, in the *State ex rel. Northwestern M. L. Ins. Co. Case,* expressly states that "a complete cause of action certainly arises in favor of a man's estate when he meets death through the actionable negligence of another." What was said in this case as to the distinction between "arise" and "accrue," as applied to actions for death by wrongful act, is purely *dicta* and is corrected by *Terbush v. Boyle,* 217 Wis. 636, 259 N. W. 859. However, even in the *State ex rel. Northwestern M. L. Ins. Co. Case* it will be noted that the court did not consider that such a cause of action arose in the sense of a complete cause of action until death of the victim. The court regarded the cause of action as "accruing" upon the appointment of an administrator.

We conclude, therefore, that there is nothing in any of the cases cited that militates against the view that no cause of action arises or accrues until death. This being true, the conclusion is plain. At common law, a tort did not survive the death of the tort-feasor. Even after this state of affairs had been changed by the survival statute, but before the recent amendment to the survival statute by ch. 53, Laws of 1933, a cause of action for death by wrongful act did not survive the death of the wrongdoer. Since these causes of action did not survive, and since, except for the Lord Campbell's Act, no cause of action existed in favor of or against any one for wrongful death of another, it is apparent that where the wrongdoer dies before the cause of action for tort has arisen, there was and is no cause of action; that such a cause of action can exist only by statute; that there is no statute creating such a cause, and nothing upon which a survival statute can possibly operate. *Letson v. Brown,* 11 Colo.

App. 11, 52 Pac. 287; *Beavers' Adm'x v. Putnam's Curator,*
110 Va. 713, 67 S. E. 353; *Willard v. Mohn,* 24 N. D. 390,
139 N. W. 979. This is not like the case of *Booth v.
Frankenstein, supra.* There the cause of action was held
to be a single one for injury to the car and to the person of
the plaintiff. Since this cause of action was in favor of the
plaintiff, it was possible to adopt the theory of a majority of
the courts and hold that a single cause of action arose, and
that such injuries as followed the tort-feasor's death were
merely items of damage. Had the injuries all been inflicted
subsequent to the death of the tort-feasor, plaintiff could not
have recovered. The doctrine of the *Booth Case* cannot be
made to do service here for the reason that the cause of ac-
tion for death is separate and distinct, arises upon the death
of the victim, runs to persons other than the injured party,
and cannot be connected with some other cause of action as
an additional item of damage.

We are therefore compelled with reluctance to conclude
that plaintiff cannot maintain this action under the death stat-
ute. The situation is one which might properly be directed
to the attention of the legislature, but one in which this court
is powerless to act.

There is a motion in this case to dismiss the appeal on the
grounds that the attorneys here appealing for appellant are
not authorized to appeal on behalf of Maude George. It will
not be necessary to go into any great detail upon this motion.
We deem it to be without merit. The difficulty arises out of
the fact that three persons were involved in this accident and
three actions commenced, in one of which each was plaintiff,
and in the others of which each was defendant. Maude
George commenced an action against Joseph Schumerth, who
was insured by the same insurance company as insured
George. In addition, she sued the estate of Howe and his
insurance carrier. It was her contention that Schumerth was
driving. Schumerth commenced an action against Maude

George and the Car & General Insurance Corporation, Ltd., also Charles S. Hegel, as administrator of the estate of Howe, and his insurance carrier, claiming that George was driving. Hegel, as administrator of Howe, commenced an action against Maude George as administratrix of the estate of George, and against Joseph Schumerth and the Car & General Insurance Corporation, Ltd. The three actions were consolidated and tried together. The attorneys who have appealed in this case on behalf of Maude George found themselves in an inconsistent position by reason of the fact that the insurance carrier which they represent had issued policies to both Schumerth and George. In consequence they declined to appear for or defend Maude George. It is contended that having been tendered the defense on behalf of Maude George, and having declined it, they have no standing here to appeal on her behalf. It appears, however, that Maude George has expressly authorized the appeal on her behalf, and since under the liability policy it was the insurance carrier's obligation to defend, the failure to represent Maude George at the trial cannot affect their standing to take this appeal, at least if it is done with her authorization.

The first part of plaintiff's complaint states a cause of action for damages sustained by Ramon Howe in his lifetime. The jury awarded $903 upon this cause of action. No question is raised as to the propriety of the judgment so far as this award is concerned, and it is not affected by the determination of the principal issues upon this appeal.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff in the sum of $903 upon the first cause of action, and to dismiss the remaining paragraphs of plaintiff's complaint.

The following opinion was filed June 4, 1935:

WICKHEM, J. (*on motion for rehearing*). In their motion for rehearing, defendants contend that the claim for funeral

expenses is a part of the cause of action for death by wrongful act, and falls with it. We consider that the following cases determine this issue adversely to defendants: *Neuser v. Thelen,* 209 Wis. 262, 244 N. W. 801; *Milwaukee v. Boynton Cab Co.* 201 Wis. 581, 229 N. W. 28, 231 N. W. 597; *Keasler v. Milwaukee E. R. & L. Co.* 195 Wis. 108, 217 N. W. 687; *Cochrane v. C. Hennecke Co.* 186 Wis. 149, 202 N. W. 199. The principles involved are fully discussed in these cases, and we see no occasion for an extended reexamination of the subject.

Plaintiff and defendants join in calling attention to the fact that in ordering judgment for Howe's car and for his funeral expenses, this court overlooked the fact that Howe was found guilty of contributory negligence to the extent of fifteen per cent of the total involved, and failed to correspondingly reduce the amount of plaintiff's recovery. This oversight should be corrected. There being no occasion for a rehearing, defendants' motion should be denied, but the mandate should be amended to correct the error heretofore noted.

*By the Court.*—The mandate is amended to read as follows: "Judgment reversed, and cause remanded with directions to enter judgment for plaintiff in the sum of $843 upon the first cause of action, and to dismiss the remaining paragraphs of plaintiff's complaint."

A motion for a rehearing was denied, without costs, on June 4, 1935.