PALMISANO, Appellant, vs. CENTURY INDEMNITY COMPANY and another, Respondents.

*September 14—October 12, 1937.*

For the appellant there was a brief by *Gold & McCann,* and oral argument by *R. A. McDermott,* all of Milwaukee.

For the respondents there was a brief by *Coleman & Barry* of Milwaukee, and oral argument by *John S. Barry.*

FOWLER, J. The plaintiff sues the administrator of Angelo Vitucci's estate under the death-by-wrongful-act statute (sec. 331.03) to recover for the death of her adult son caused by defendant's intestate, and joins with it a cause of action to recover the funeral expenses of her son which she alleges she is obligated by law and forced to pay. The complaint alleges that her son was instantly killed, which precludes an action to recover for pain and suffering. There is no allegation that her son left no estate. The demurrer to the complaint was sustained. The plaintiff does not urge as error the sustaining of the demurrer as to the cause of action for wrongful death, but claims that sustaining it as to the other cause was erroneous.

The demurrer involved is sustainable on the ground that the statement that the plaintiff is liable for and obligated to pay the funeral expenses is a conclusion of law. Were it the duty of a surviving parent to provide proper burial of an adult child, the primary obligation is on the child's estate if he has any. *Schneider v. Estate of Breier,* 129 Wis. 446, 109 N. W. 99; *Estate of Kelly,* 183 Wis. 485, 198 N. W. 280; sec. 313.16, Stats. As there is no allegation in the complaint that the plaintiff's intestate did not have any estate, the complaint does not state a cause of action.

It may also be stated in this connection that, as hereinafter appears, if the action to recover funeral expenses lay

in favor of an adult child, it would lie only because a statute of the state so declared. The only statute of the state that could be claimed to impose such obligation is sec. 49.11, Stats., which imposes the obligation on a parent to provide for the support of such child only under certain prescribed circumstances. If this statute were held to impose by implication liability for funeral expenses, in order to make a parent liable for them the circumstances imposed by the statute would have to be alleged to exist. The complaint alleges no such circumstances.

The case might be rested on the above alone, but so to rest it would no doubt lead to further litigation under an amended complaint, and to avoid this we will dispose of the case on the merits.

The plaintiff bases her claim mainly on the decision of this court in *Hegel v. George,* 218 Wis. 327, 259 N. W. 862, 261 N. W. 14. The facts and holding of that case are as follows: Howe was riding in an automobile with George. A collision occurred, and both died as a result of the collision. Howe's administrator sued George's administrator for death by wrongful act, and to recover for pain and suffering caused by the injuries from which he died. Recovery was allowed in the trial court upon both causes of action. We held on appeal that a cause of action for wrongful death does not come into existence until the death of the victim, and that, as the wrongdoer predeceased the victim, no cause of action for wrongful death ever came into existence, and the complaint for recovery for wrongful death was dismissed. There was a recovery of $900 in the action for pain and suffering, and that recovery was allowed, as George lived some time after Howe received his injuries, and a cause of action to recover for his pain and suffering came into existence during George's lifetime and survived. An item for funeral expenses was included in the recovery in the action for pain and suffering. It was contended by the defendant on his

motion for rehearing that this item should be stricken from the damages awarded for the reason that it was an item of recovery in the action for wrongful death, and it fell with that cause of action. This court held upon authority of its previous decisions cited in the opinion that funeral expenses are properly an item of recovery in the cause of action for pain and suffering, and allowed recovery for the item to stand.

While the *Hegel Case, supra,* thus holds that an action for recovery of funeral expenses by an administrator may lie independent of the wrongful-death statute, it does not follow that it lies independent of the statute to one who pays them who sues in his individual capacity. It is claimed, however, that this follows from the holding in *Secard v. Rhinelander Lighting Co.* 147 Wis. 614, 133 N. W. 45, that a parent might recover the funeral expenses of his nine-year-old child in an action for wrongful death in his individual right, because such expense was a pecuniary loss, attributable to the death, and because of what is said of this ruling in *Herning v. Holt Lumber Co.* 153 Wis. 101, 108, 140 N. W. 1102, that funeral expenses "may in such case be recovered under either cause of action, but when the suit is brought for death and for the benefit of such relatives as have no duty of interment cast upon them by law, this item of damages should not be included in an award under the death statute."

The statement above, that funeral expenses "may in such case be recovered under either cause of action," must be taken as applicable only to a parent's case for death of a minor child, for whose funeral expenses the parent is liable, or other case if there be any of liability at law for funeral expenses, else it is contrary to the ruling in *Neuser v. Thelen,* 209 Wis. 262, 244 N. W. 801, where action for wrongful death and action for pain and suffering both lay. It was there held that recovery of funeral expenses was an item of

recovery in an action by the administrator of the victim to recover for pain and suffering, and that, as no such action had been brought, but only an action by the widow of the victim in her individual capacity to recover under the wrongful-death statute, which action, in view of the statute requiring suit by the administrator when damages accrued to the victim's estate from his death, fell because not brought by the administrator of the victim, an award for funeral expenses fell with the action for wrongful death, although the widow joined with her action for wrongful death an action to recover for her own personal injuries received in the accident that caused her husband's death, and she recovered for her own injuries and had herself paid the husband's funeral expenses out of her individual funds.

If, in the *Neuser Case, supra*, the widow could not recover because the estate, not she, was liable for the funeral expenses, the plaintiff here cannot recover them unless the victim had no estate, which, as first above stated, does not appear. But aside from this, as stated in the *Herning Case, supra,* and as is manifestly correct, the plaintiff cannot recover the funeral expenses unless she was liable under the law to pay them. That was said of recovery under the wrongful-death statute, but it is also true of the recovery in the instant separate cause of action for their recovery. So the primary question for consideration of the case on its merits is whether the mother was so liable.

The common law imposed on a father the obligation to pay the funeral expenses of his minor, but not those of an adult child. See 46 C. J. p. 1278, § 72, and cases cited. The latter is true also of the obligation to support in absence of a statute making him so liable. See 46 C. J. p. 1269, § 47, and cases cited in notes '65 and 66. There is no Wisconsin statute in direct terms making a parent responsible for funeral expenses of an adult child, but recovery of them by implication might perhaps follow from liability to support.

The only statute making a parent liable for the support of an adult child is sec. 49.11, Stats. This statute does not impose an absolute obligation on parents, but only an obligation under certain circumstances. The obligation of parents is to support a "poor" adult child "so far as they are able, having due regard for their own future maintenance and making reasonable allowance for the protection of the property and investments from which they derive their living and their care and protection in old age." The obligation where it exists is as to "poor" adult children, and can only be enforced under the statute. If the statute were held to impose the obligation for funeral expenses where the facts prerequisite as to the condition of the parent and child exist such as to impose ultimate liability for support on the parent, and therefore to give to a parent so situated who pays funeral expenses without compulsion of the authorities right of recovery from the person whose acts caused the death, the liability does not exist where, as here, such facts do not exist. As there is no allegation that the facts exist, as first above stated, the complaint falls for want of such obligation. It is true, as pointed out by appellant, that it is stated in the opinion in *Koerber v. Patek,* 123 Wis. 453, 468, 102 N. W. 40, 45, that: "The duty of [a] surviving . . . parent . . . to provide proper burial for the corpse [of a child] springs from the relationship to the person deceased," but this is said of the duty where it exists, and does not imply that the duty exists in every case, and has no bearing on whether it existed in the instant case.

The appellant claims that an action for recovery of funeral expenses of a child lay at common law where its death was caused by wrongful act. It is true, as pointed out by appellant, that in *Ford v. Monroe,* 20 Wend. (N. Y.) 210, recovery was allowed prior to enactment of the wrongful-death statute for the services of a minor child who was killed by wrongful act, and it is said in *Pack v. Mayor of*

*New York,* 3 N. Y. 489, by a member of the court who participated in the decision of the *Ford Case,* that he was of impression that the right of recovery was limited to damages for loss of service and *funeral expenses,* and he cites the *Ford Case,* but states that he made no examination of the point. There was a recovery of $1,000 in the *Pack Case,* wherein the plaintiff's wife was injured and his minor son killed, but the judgment was reversed for improper exclusion of testimony, and what was recoverable was not passed upon by the court. A note to *Ford v. Monroe, supra,* in the edition of the New York Common Law Reports published by the Lawyers' Co-operative Publishing Company, says of this case, citing numerous decisions, that the recovery in the *Ford Case* is "not sustained by the authorities." In *Quin v. Moore,* 15 N. Y. 432, 436, it is said: "James Kerns was a minor; his mother was, by law, entitled to his services until he should come of age; of these she was deprived by the wrongful or negligent act of the defendants, which destroyed his life. The common law gave no action for this injury." But we need not pursue this contention further. The *Ford* and *Pack Cases* involved injuries to persons—minor children and a wife—whose funeral expenses the plaintiffs were obligated by law to pay. As under the facts of the instant case no liability for funeral expenses existed at common law even if it did exist as to a minor child, the common-law rule, if as appellant contends, has no application.

*By the Court.*—The order of the circuit court sustaining the demurrer to the complaint is affirmed.