SCHWAB, Respondent, vs. NELSON and others, Appellants.

*October 23—December 18, 1946.*

For the appellants there was a brief by *Nash & Nash,* and oral argument by *Walter J. Clark,* all of Manitowoc.

For the respondent there was a brief by *Hougen, Brady & Murphy* of Manitowoc, and oral argument by *Frank A. Murphy.*

BARLOW, J. Plaintiff and respondent, Mabel Schwab, mother and sole surviving parent of June Schwab, twenty-four years of age, seeks to recover damages for the wrongful death of June Schwab, who was instantly killed on June 17, 1943, by a truck operated by defendant Robert Wuedde, owned by defendant Oscar Nelson, and insured by defendant General Casualty Company of Wisconsin. Plaintiff paid the funeral expenses amounting to $456.70, which are set forth in the complaint as part of the damages for which recovery is

sought. Defendants moved for summary judgment. The motion for summary judgment was supported by affidavits and the adverse examination of Mabel Schwab, from which it appears that at the time of her death June Schwab had on deposit with her employer $6 or $7 which had been withheld to apply on the purchase of a war bond, and that the employer immediately paid this money to the mother. The proof also shows that the deceased purchased her own clothing, and it therefore can be assumed she left such used clothing and personal effects as a girl would normally have.

Defendants contend that under this statement of facts any action for damages by wrongful death must be brought by and in the name of the personal representative of the deceased person. The right to recover for death by wrongful act is purely statutory, and is provided for in sec. 331.03, Stats. Sec. 331.04 (1) provides who may bring an action, in the following language:

"Every such action shall be brought by and in the name of the personal representative of such deceased person, and the amount recovered shall belong and be paid over to . . . his or her lineal descendants and to his or her lineal ancestors in default of such descendants, . . . provided, that if there be no cause of action in favor of the estate of such decedent and the person or persons to whom the whole amount sued for and recovered belongs, . . . shall be the husband, widow, or parent or parents, . . . suit may at his or her or their option be brought directly in his or her or their name or names instead of being brought in the name of the personal representative of such deceased person."

From the foregoing it is evident that where there is no cause of action in favor of the estate of the victim, any action commenced by the representative of the estate is solely for the benefit of the beneficiary named in the statute and the damages which can be recovered are only those which the beneficiary suffers. Defendants contend that the funeral expenses of this adult child are an obligation of her estate and not an item of

damages recoverable by the mother, citing *Neuser v. Thelan* (1932), 209 Wis. 262, 244 N. W. 801; *Hegel v. George* (1935), 218 Wis. 327, 259 N. W. 862, 261 N. W. 14; *Palmisano v. Century Indemnity Co.* (1937) 225 Wis. 582, 275 N. W. 525. This warrants a review of the decisions on the question presented.

In *Cochrane v. C. Hennecke Co.* (1925) 186 Wis. 149, 153, 202 N. W. 199, this court said that funeral expenses can be recovered under the death statute, citing *Secard v. Rhinelander Lighting Co.* (1912) 147 Wis. 614, 133 N. W. 45, but went on to say that funeral expenses may also be recovered under the survival statute, citing *Herning v. Holt Lumber Co.* (1913) 153 Wis. 101, 140 N. W. 1102. The court, relying on *Estate of Kelly* (1924), 183 Wis. 485, 198 N. W. 280, went on to say:

> "In view of the logic of the situation, it is more correct to say that they can be recovered under the death statute than under the survival statute. Funeral expenses are not incurred and do not accrue until after the death of the deceased. It is therefore not logical to say they survive his death, since they do not come into existence until after his death."

Then in *Keasler v. Milwaukee E. R & L. Co.* (1928) 195 Wis. 108, 217 N. W. 687, where an administrator brought an action for damages to a sole child by reason of the death of his mother, including funeral expenses, it was said that if the duty of paying funeral expenses was not placed on or payment made by the relative suing, the item belongs to the estate.

In *Neuser v. Thelan* (1932), 209 Wis. 262, 244 N. W. 801, a widow brought an action to recover damages which she suffered personally, and likewise to recover damages caused by the death of her husband in an automobile accident. At the close of plaintiff's case defendant moved for a nonsuit to the cause of action suffered by the death of the husband, which was denied, and at the end of the trial judgment was entered

in favor of the plaintiff, allowing damages including funeral expenses. The complaint alleged and proof showed that the husband was injured in the collision and that he lived for more than an hour after it occurred. Thus there was a cause of action in favor of the estate which would carry with it the right to recover funeral expenses, and the trial court was reversed.

In *First Wisconsin Trust Co. v. Schmidt* (1921), 173 Wis. 477, 483, 180 N. W. 832, and in *Hegel v. George* (1935), 218 Wis. 327, 259 N. W. 862, 261 N. W. 14, where there was a cause of action in favor of the estate, the court permitted funeral expenses to be recovered by the estate as an element of damage "because they are due to the negligent act of the defendant for which he is liable." In *Van Gilder v. Gugel* (1936), 220 Wis. 612, 617, 265 N. W. 706, the widow brought an action in her own name to recover damages caused by the death of her husband. There was no separate allegation in the complaint with reference to funeral expenses, but proof was offered during the trial without objection on the part of the defendant as to the amount of funeral expenses which the widow had assumed. On motion after verdict the defendant raised the question of the right of the plaintiff widow to bring the action. The trial court ruled that the defendant had waived any right he may have had to object as to proper parties by waiting until after the verdict to raise the question, and granted judgment for the plaintiff. This court, in affirming the judgment, said:

"If she voluntarily incurred that liability personally, she should be entitled to reimbursement therefor, although she would otherwise have been under no legal obligation to incur such liability. That appellants' counsel apparently acquiesced during the trial in the propriety of those inferences and conclusions under the evidence, is indicated by the fact that they failed to object to the court's submittal to the jury of a question which expressly included the item of funeral expenses as one of the elements to be included in assessing plaintiff's pecuniary loss."

We then reach the case of *Palmisano v. Century Indemnity Co.* (1937) 225 Wis. 582, 586, 275 N. W. 525. The facts there were very similar to the present action. The mother sought to recover for the death of her adult son, and joined with it a cause of action to recover funeral expenses of her son which she alleged she was obliged by law and forced to pay. On demurrer the trial court sustained the demurrer as to both causes of action. The plaintiff admitted that the demurrer was properly sustained as to the cause of action for wrongful death, but contended on appeal that it should not have been sustained as to the cause of action to recover funeral expenses. The court there said that an allegation in the complaint that she was obliged by law and forced to pay the funeral expenses was merely a conclusion of law, and that she had failed to set out in the complaint the necessary allegations to sustain her legal liability to pay funeral expenses and that she had also failed to allege that the son left no estate, and sustained the demurrer. The court went on to say, however :

"If, in the *Neuser Case, supra,* the widow could not recover because the estate, not she, was liable for the funeral expenses, the plaintiff here cannot recover them *unless the victim has no estate,* which, as first above stated, does not appear."

The court went on to discuss sec. 49.11, Stats., now sec. 49.07, as to the liability of a parent for the support of a "poor" child, but said it was not in the case, and from the conclusion that we reach in this case it is not present here.

Under the statute where there is a cause of action in favor of the estate, such as an action for pain and suffering, the action must be brought in the name of the representative of the estate. The action being statutory the right to recover funeral expenses must be found in the statute, either in direct language or by implication. The damages which are authorized to be recovered for wrongful death are damages suffered by

the beneficiary named in the statute.   The fact that the estate of a decedent is primarily liable for such funeral expenses does not in itself create a right of action in favor of the estate. In the *Hegel Case, supra,* and *First Wisconsin Trust Co. v. Schmidt, supra,* we permitted a recovery of funeral expenses in an action by the personal representative of the estate as part of the damages in a cause of action for pain and suffering. This is true only where there is a cause of action which survives, but where there is no such surviving cause of action in favor of the estate, the statute does not create one for funeral expenses.   To hold otherwise would, give no force or effect to that portion of the statute which permits an action to be brought in the name of the beneficiary where there is no cause of action in favor of the estate of the decedent.   The estate of every decedent is primarily liable for funeral expenses.   The primary liability for funeral expenses would be in the estate of the deceased in place of any named beneficiary in the statute.   Thus the parent of an adult child killed instantly but leaving a large estate could not pay funeral expenses and recover them as an item of damage, as he would be an interloper in doing so.   But where there is no estate and no cause of action in favor of the deceased, there is still the responsibility somewhere for the burial.   The statute gives a cause of action for damages to certain beneficiaries, which we hold creates a liability on their part to assume the liability for a decent burial which they can recover as a part of their damages.   While the English rule and a few state courts do not permit the beneficiary to recover for funeral expenses as part of damages caused by wrongful death, the federal courts and a large majority of the state courts hold that funeral expenses are recoverable as damages in an action for death by wrongful act when the plaintiff has paid or rendered himself legally liable to pay the funeral expenses of the deceased, and the ground for this holding is that the funeral expenses are a

direct result of the wrongful death and as a matter of justice should be considered as an item of damages suffered by the person liable to pay them. 94 A. L. R. p. 441, and cases there cited. Thus where, as here, the adult child is, (1) instantly killed and no cause of action arising out of the accident was ever in the child or ever survived to his estate, and (2) where wholly independently of this the child left no estate which could respond to funeral expenses, and (3) the mother has responded in accordance with her liability by paying or legally assuming the funeral expenses, she may under the doctrine of the *Van Gilder Case, supra,* as modified and applied by the *Palmisano Case, supra,* recover damages as part of her cause of action for death by wrongful act. This is a liability and expense that is cast upon her by the negligent conduct of the defendant and it literally arises out of the death of the child.

We then reach the question of whether the deceased had an estate. There were $6 or $7 to her credit with her employer, which had been withheld from her earnings for the purpose of purchasing a war bond. There was no proof to show that she had clothing and personal effects of any material value. Used clothing at the time of death is usually given to some charitable organization for the benefit of unfortunate persons, and certainly is not property that is as a rule offered for sale. Therefore the trial court properly said, "The law does not concern itself with mere trifles." Just when there is a sufficient amount in an estate to prevent a beneficiary from recovering funeral expenses we are not required to determine in this action, except to hold that the proof offered in the motion for summary judgment is such a minimum amount to warrant us in holding that it is not an estate under the statute in question.

*By the Court.*—Order affirmed.